## CIRCUIT COURT OF THE CITY OF NORFOLK

Yvonne S. Stevenson

v.

Norfolk General Hospital

January 29, 1988

Case No. (Chancery) C-85-441

By JUDGE THOMAS R. McNAMARA

On a demurrer, all facts must be considered in the light most favorable to the plaintiff. In the second amended bill of complaint is the affirmative allegation of an existing contract of employment and its breach. Not all the terms of the alleged contract are set forth in the pleading challenged; nor are the provisions in various documents and statements which plaintiff refers to as embodying portions of her contract; nor are there sufficient facts alleged to disclose as a matter of law whether any such documents and statements did in fact constitute a portion of the alleged contract. The terms of the contract are simply not apparent on the face of the pleadings and have not been established by any other means so as to be identified as such and dealt with for the purposes of a demurrer.

Where the terms of a contract cannot be determined from the pleadings alone, then the nature of the contract, such as one of employment at will or not, cannot be determined merely from a consideration of the pleadings. In this respect, at least, the case at bar differs from *Miller v. SEVAMP*, 234 Va. 462 (1987). Accordingly, the demurrer to Count I cannot be sustained upon the grounds in paragraph no. 1 thereof.

The grounds in paragraph no. 4 of the demurrer, while setting forth an accurate principle of law, is deemed inapplicable to the pleadings as properly construed. No accounting as such is requested by plaintiff.

The demurrer will be sustained on all other grounds as to Count I and Count II.

A discharge without just cause, even upon an inaccurate accusation of criminal conduct, is not an actionable, tortious wrongful discharge under the *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), exception to the general rule since it does not constitute a violation of an established public policy but merely a private right. *Edward V. Morris v. The Hartford Courant Co.*, 200 Conn. 676 (1986). Injunctive relief requiring a reinstatement of an allegedly wrongfully discharged registered nurse is not available. *See Lanston M. Co. v. Times-Dispatch*, 115 Va. 797 (1941), at page 804, as follows:

> The general rule is that an injunction will not be granted to restrain a defendant from violating negative covenants when the agreement is of such a nature that it cannot be specifically enforced where specific performance is the object of the suit. 2 High on Injunctions (4th ed.), secs. 1109, 1162; 4 Pom. Eq. Jur. (3d ed.), sec. 1341; 3 Elliott on Contracts, sec. 2345; 22 Cyc. 850-1.

*And see* 17 Michie's Jurisprudence, *Specific Performance*, sect. 66, as follows:

> It is a rule almost universal that a contract for personal services cannot be enforced against the party promising such services, and, hence, for the want of the requisite mutuality specific execution will not be enforced against the opposite party, unless the services have been actually performed and the contract to that extent has been executed.

Nor is a claim for attorneys' fees as punitive damages recognizable upon a breach of contract not involving an independent tort. *Kamlar Corp. v. Haley*, 224 Va. 699 (1983).