## CIRCUIT COURT OF THE CITY OF RICHMOND

James D. Taylor

v.

Heritage Centers
of America, Inc., etc.

June 21, 1990

Case No. LR 3741-2

By JUDGE MELVIN R. HUGHES, JR.

The employer's summary judgment motion in this case raises the issue of whether there are disputed facts regarding the terms of the plaintiff's employment contract to make it at will or for a definite term.

This is a two count motion for judgment alleging breach of an employment contract in the first count and violation of the Fair Labor Standards Act in the second count. Plaintiff alleges he and the defendant employer entered into an agreement that his employment would last as long as he did not give defendant good cause to terminate him. Plaintiff alleges an employment handbook "restates and memorializes" the terms and conditions he and defendant agreed upon including, importantly, the good cause provision.

Plaintiff cites *Miller v. SEVAMP*, 234 Va. 462 (1987), and *Elliot v. Shore Stop, Inc.*, 238 Va. 237 (1989), for the proposition that the determination of whether his employment contract was for a fixed term is a question for the jury. What makes this case different from *SEVAMP* and *Elliot*, procedurally, is that those cases were decided on demurrer while in the case at bar the issue comes up on a summary judgment request. Significantly here, defendant

relies on one of plaintiff's responses to an interrogatory in arguing there is no material issue of the contract between the parties as one not of fixed employment duration.

For the first time in his written memorandum responding to this motion, plaintiff asserts that plaintiff entered into an oral agreement with a former employee of defendant by which his employment could be terminated only for cause. The record shows that in a response to a defendant propounded interrogatory asking for all documents and communications plaintiff relies on in asserting the good cause contract, plaintiff responded thusly:

*ANSWER*:

Documents: Employee Handbook -- Heritage Centers of America ("Employee Handbook") Administration Policy Book

Communications: Plaintiff does not now have in his possession documents concerning communications he received about the start and conclusion of his probationary status. Such communications support plaintiff's allegation that his employment, after completion of the probation period, was terminable only for cause, and was not terminable at will.

This answer is unresponsive and does not set out anything about an oral agreement. While the motion for judgment alleges the employment handbook "restates and memorializes" the agreement, the defendant is now caught unawares of the existence of the alleged express oral agreement made by defendant's former employee after it made a proper interrogatory request for "communications" upon which plaintiff would rely to establish his claim. Accordingly, the only thing before the Court to support the contract claim is the handbook. There is nothing else to support an agreement between the parties. On this, then, there is no material issue for the jury to decide because the handbook is not a contract, without a written or oral agreement referencing it, as perhaps one might infer from the allegation made in the motion for judgment.

The motion is therefore sustained.