## CIRCUIT COURT OF LOUDOUN COUNTY

Nancy L. Wright

v.

Donnelly & Co.
and Wayne B. Donnelly

May 27, 1992

Case No. (Law) 12935

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Demurrer of the defendants, Donnelly & Company (the "Company") and Wayne B. Donnelly ("Donnelly") to the seven-count motion for judgment filed herein by the plaintiff, Nancy L. Wright. At oral argument on May 1, 1992, Wright's counsel argued to the sustaining of the Demurrer and the dismissal of Counts Two, Three and Four. The Court took the Demurrer as to the other four counts under advisement, and each count is addressed below.

Applying well-settled principles, a demurrer admits the truth of all well-pleaded material facts, and all reasonable factual inferences fairly and justly drawn from the Motion for Judgment must be considered in aid thereof. *Fox v. Custis*, 236 Va. 69, 71 (1988). However, a demurrer does not admit the correctness of a pleader's conclusions of law. *Russo v. White*, 241 Va. 23, 24 (1991); *Fox*, 236 Va. at 71.

### Demurrer to Count One (Wrongful Termination)

The theory of Wright's wrongful termination claim is that Donnelly harassed and discriminated against Wright on account of her sex and wrongfully terminated her in violation of public policy, i.e., the constitutional right to be free from sexual discrimination under Article I, Section 11, of the Virginia Constitution and the public policy as articulated by the United States Congress in Title VII of the Civil Rights Act of 1964, "as amended, *inter alia*, the Equal Em-

ployment Opportunity Act of 1972 and the Pregnancy Discrimination Amendments of 1978."

Count I alleges that Donnelly kissed, seized, grabbed and hugged Wright without her consent at various times during the three days she was employed. She also alleges that he said certain things to her that were abusive, inappropriate and harassing. All these actions by Donnelly are alleged to amount to sexual harassment which is a violation of public policy. Wright alleges that she resigned her position and was subsequently terminated but that under the circumstances, she was constructively discharged.

As Wright's counsel conceded at oral argument, she has no remedy under Title VII of the Civil Rights Act, and Wright was an at-will employee. Under general Virginia law, an at-will employee can be discharged at any time after reasonable notice without cause by the employer. However, in *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), the Virginia Supreme Court applied a "narrow exception" to the rule holding that an employer was liable in tort for the discharge of two employees (who were also stockholders of the employer corporation) in retaliation for their refusal to vote their stock in accordance with the demands of the employer's management. The Court held that the coercion exercised by the employer violated the public policy underlying the Virginia statute that granted a stockholder the unfettered right to case one vote for each share of corporate stock held. Such a retaliatory discharge was tortious because the employer had misused its freedom to terminate the services of an at-will employee in order to subvert a right guaranteed to stockholders by statute. *Bowman*, 229 Va. at 540.

In a later case, *Miller v. SEVAMP, Inc.*, 234 Va. 462 (1987), the Supreme Court stated that the narrow exception of *Bowman* falls far short of recognizing a general cause of action for the tort of "retaliatory discharge." *Miller* held that *Bowman* should not be extended to discharges that violate only the private, as opposed to the public, rights or interests of the employee. In *Miller*, an at-will employee had no cause of action for retaliatory discharge where she was discharged in retaliation for the exercise of her private rights established by her employer's internal regulations.

While the Supreme Court in *Bowman* and *Miller* made broad general statements about a retaliatory discharge being actionable it if violates public policy ("that is, the policy underlying existing laws

designed to protect the property rights, personal freedoms, health, safety or welfare of the people in general." *Miller*, 234 Va. at 468), I am of the opinion after a careful reading of both opinions that the "narrow exception" applies only when the employer discharges an at-will employee in retaliation for the employee's exercise of a right given him or her by law. The at-will employee must have some right which the employer seeks to subvert by the termination. Also, one must consider that an at-will employee always has the freedom to leave the employment at any time upon reasonable notice for any reason or no reason at all. *Bowman*, 229 Va. at 539. An at-will employee, therefore, can always leave because he or she does not like the employment environment, and the employer can do nothing about it.

In the present case, Wright alleges that she resigned her employment but that it amounted to a constructive discharge. *Bowman* does not speak in terms of a constructive discharge (even if one assumes that there is such a doctrine). The reason is obvious. The tort recognized in *Bowman* is an intentional tort, and an essential element thereof is the intentional discharge of the employee by the employer. An allegation of constructive discharge does not bring Wright's claim within the "narrow exception" to the general rule under *Bowman*.

Additionally, *Bowman* made it clear that the discharge must be done in retaliation for the employee's exercise of a right provided by law such that the discharge is in violation of an established public policy. Here Wright merely alleges that she resigned her employment because Donnelly physically touched her without her consent and made abusive, inappropriate, and harassing remarks to her. Even if one assumes that her resignation is a constructive discharge and is enough to meet the discharge element under *Bowman*, there is no right which Wright exercised which caused Donnelly to retaliate and discharge her. For example, there is no allegation that she was fired in retaliation for her reporting illegal activity or because she refused to perform an illegal act. *Bowman* does not create a cause of action if an employer denies an at-will employee his or her freedom from unconstitutional activities. *Bowman* does not create a cause of action just because the employee feels that he or she must resign because he or she cannot tolerate the work environment. In such a case, the at-will employee can easily get out from under the adverse environment by leaving the employment.

For the foregoing reasons, the Demurrer to Count One of the Motion for Judgment is sustained.

### Demurrer to Count Five (Assault)

An assault is any threatening act which puts another person in fear of physical injury. *Moore v. Jefferson Hospital*, 208 Va. 438 (1967); *Wilkinson v. Allen*, 136 Va. 607 (1923). I am of the opinion that the allegations of the Motion for Judgment state a cause of action for assault.

Therefore, the Demurrer to Count Five is overruled.

### Demurrer to Count Six (Battery)

A battery is a touching, however slight, of another person in a rude, insulting, or angry way. *Woodbury v. Courtney*, 239 Va. 651 (1990); *Pike v. Eubank*, 197 Va. 692 (1956). I am of the opinion that the allegations of the Motion for Judgment state a cause of action for battery.

Therefore, the Demurrer to Count Six is overruled.

### Demurrer to Count Seven (Breach of Contract)

The defendants demur to Count Seven because the allegations of the Motion for Judgment show that Wright was an at-will employee. Wright's counsel conceded at oral argument that she was an at-will employee. Therefore, the claim for breach of contract must fail, and the Demurrer to Count Seven is sustained. Further, a mere statement in paragraph 57 that the "defendants are obligated to reimburse Wright under the doctrine of *quantum meruit*" does not state a claim therefor.

### Demurrer to Punitive Damage and Attorney Fee Claim

The Demurrer is sustained on this ground as the Motion for Judgment neither sets forth facts to support a punitive damage claim nor a claim for attorney fees.

Let Mr. MacMahon prepare an order consistent herewith to which Ms. Bredehoft may note an exception. The order may grant Wright fourteen days to replead and a like period of time for the defendants to respond if Wright repleads. If Wright does not replead, then the defendants shall file their Grounds of Defense within fourteen days of the date by which the plaintiff should have repleaded if she had so desired.