## CIRCUIT COURT OF FAIRFAX COUNTY

H. H. Ludwig

v.

T2 Medical, Inc., et al.

May 11, 1994

Case No. (Law) 126986

BY JUDGE JACK B. STEVENS

This matter is before the Court on Defendant's demurrer to both Counts of the Motion for Judgment: Count I alleging "Abusive and Wrongful Discharge" from employment and Count II alleging "Breach of Contract" of employment.

For the reasons set forth below, the demurrer is overruled as to both Counts.

The demurrer, of course, admits the truth of all material facts pleaded by Plaintiff Ludwig and all reasonable inferences therefrom. *Fox v. Custis*, 236 Va. 69, 71 (1988); *Duggin v. Adams*, 234 Va. 221, 223 (1987). The demurrer does not, however, admit the correctness of conclusions of law asserted. *Russo v. White*, 241 Va. 23, 24 (1991); *Fox*, 236 Va. at 71.

The pleadings allege that Ludwig was employed by the Defendants T2 Medical, Inc., Potomac Home Therapeutics, Inc., and Metropolitan Home Therapeutics, Inc. (T2), from approximately April of 1989 until August of 1993. Ludwig began her employment part-time, but by December of 1989 entered into full-time employment as Business Office Manager at T2's offices located in McLean, Virginia. She served a 90-day probationary period and became a permanent employee. Ludwig held this position from December of 1989 until May 10, 1993, at a salary of $34,000 annually at the beginning of the period, rising to $41,262 at the end of the period. On May 10, 1993, Ludwig was demoted from Business Office Manager to an undefined clerical position and her salary was reduced to $35,000. In June

of 1993, Ludwig was advised to find other employment within two months, and that she would receive one month's severance pay. On August 13, 1993, Ludwig's termination took effect. The pleadings do not explicitly state whether Ludwig resigned or was terminated. However, she alleges in the pleadings that the "Defendant's deliberate constructive discharge . . ." was in bad faith. The Court infers that Ludwig resigned but is claiming that the discharge meets the requirements of *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985).

Ludwig further alleges that in August of 1992 she discovered that her immediate supervisor had engaged in embezzlement of company funds. She reported this to company officials and her immediate supervisor was terminated or forced to resign. Ludwig's new supervisor had been responsible for hiring the previous embezzling employee. Ludwig alleges that "[a]s a consequence" of her reporting of the embezzlement, the scope of Ludwig's job responsibilities, the resources under her control and her participation in business matters for which she was responsible were systematically reduced.

Ludwig also alleges that her immediate supervisor and other members of T2's management engaged in manipulation of the books of account of the Defendant corporations and that she was in a position to observe these practices which "defrauded" stockholders and creditors of T2, a publicly owned company whose stock is traded on the New York Stock Exchange. Ludwig alleges that all of the complained of actions of the Defendants were "in order to conceal and facilitate continuing irregular, unlawful and fraudulent practices which violated substantial public policy."

The Court will consider the two Counts in Order.

### Count I: Abusive and Wrongful Discharge

First, the Court is not aware of a cause of action based upon "Abusive" discharge in Virginia. Other than being used in the heading of Count I, Ludwig never uses the word again. The Court therefore disregards the term in its decision.

Second, Ludwig makes some conclusory allegations of "intolerable working conditions" that presumably would justify her ending her employment. The Court is directed to no authority that a cause of action based on such a conclusion exists in Virginia.

In employment matters, Virginia clearly follows the employment-at-will doctrine. An employee may be discharged without cause, unless he has a contract for a fixed term or unless he falls into a narrow public policy

exception to the employee-at-will doctrine spelled out in *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), as clarified in *Miller v. SEVAMP, Inc.*, 234 Va. 462 (1987). Ludwig does not directly allege any exception to the employment-at-will doctrine which would be admitted by demurrer but she is additionally entitled to admission of "facts which are by fair intendment impliedly alleged" and "facts which may be fairly and justly inferred from the facts alleged." *Bowman, supra*, at 536; *Duggin v. Adams*, 234 Va. 221, 223 (1987).

Ludwig would apparently have the Court infer that she was employed for a fixed term based on provisions in a personnel policy manual. There being no allegation of such a fixed term employment contract, much less that unknown language from a policy manual is incorporated in such a contract, the allegations are clearly insufficient to take this case out of the at-will doctrine.

While not directly alleging that her termination of employment constitutes a "retaliatory discharge" and is therefore actionable under *Bowman*, Ludwig is entitled to that conclusion as a reasonable inference from her pleadings, which allege that the changes in her employment status and eventual discharge follow her reporting of illegal activity, clearly a violation of public policy of reporting criminal activity. See also, *Wright v. Donnelly & Co.*, 28 Va. Cir. 185, 187 (1992). The Demurrer to Count I is therefore overruled.

### Count II: Breach of Contract

T2 demurs to this count on the basis that there were no written or oral employment contracts and even if there were oral contracts, the statute of frauds is violated. In her pleadings, Ludwig asserts that the contract derives from (1) oral promises made during performance appraisals, the promises encompassing the time period until the next appraisal, that being one year or less, and therefore taking it out of the statute of frauds, and (2) employment agreements based on the written provisions and promises contained in the Human Resources Policies and Procedures Manual.

Virginia courts have held that an employee "handbook is not a contract, without a written or oral agreement referencing it . . . ." *Taylor v. Heritage Centers*, 19 Va. Cir. 434 (City of Richmond 1990). However, under certain conditions the employee manual can be relied on to establish two elements of a plaintiff's case: (1) that the manual by its wording has taken the relationship out of an at-will one by fixing the duration of the relationship, and (2) the employee manual may have constituted a binding promise.

These elements are issues of fact for the fact finder to decide. *Barger v. General Electric Co.*, 599 F. Supp. 1154 (W.D. Va. 1984). In her pleadings under Count II, Ludwig has alleged that the manual in the present case has provisions for fixing the duration of employment in the absence of violations of enumerated standards of conduct. This carries the implication that Ludwig would not be terminated without cause. Ludwig's pleadings state that there are contractual restrictions on T2's right to terminate Ludwig. As noted in *Barger*, "every aspect of an employment contract may be determined from all of the circumstances bearing on the employer/employee relationship. Furthermore, these issues are usually questions of fact to be left to the jury." *Barger*, 599 F. Supp. at 1163.

The pleadings sufficiently state a cause of action based upon contract, subject, of course, to proof at trial, and the Demurrer to Count II is overruled.