KAYE MILLER

V.

SEVAMP, INC.

Record No. 831528

November 25, 1987

Present: All the Justices

*Michael P. Cotter (Vandeventer, Black, Meredith & Martin,* on briefs), for appellant.

*John F. Newhard, Jr. (Michael T. Zugelder; Breeden, MacMillan & Greene,* on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

This appeal presents two questions: whether a contract of employment was for a term of fixed duration or terminable at will, and whether the tort of "retaliatory discharge" is generally actionable in Virginia.

## I. FACTS AND PROCEEDINGS

We granted this appeal to an order sustaining a demurrer to a motion for judgment which had been amplified by a bill of particulars. The following factual recital is, therefore, limited to the contents of those pleadings. Kaye Miller, the plaintiff, was employed by the Southeastern Virginia Areawide Model Program,

also known as SEVAMP, Inc., an organization administering certain federally funded programs as Director of SEVAMP's Retired Senior Volunteer Program (RSVP) in September 1975. At the time of her employment, the then-acting executive director of SEVAMP informed her that she would remain the director of the RSVP as long as there "continued to be adequate federal funding of the RSVP."

The plaintiff served as RSVP director until October 1982. Early in that month, a fellow employee filed a grievance in accordance with SEVAMP's "Personnel and Administrative Procedures" manual. The plaintiff appeared as a witness before a grievance review panel constituted to hear the case. Two weeks after her appearance as a witness, the plaintiff received a letter from the executive director of SEVAMP terminating her employment for "your unsatisfactory performance as SEVAMP RSVP Director." At the time of the plaintiff's termination, her salary was $17,582.00 per year and federal funding had been received covering the RSVP for the fiscal year October 1, 1982 through September 30, 1983.

SEVAMP's personnel manual, mentioned above, states that it is the policy of the organization to retain conscientious and loyal workers, but that those who are guilty of serious breaches of discipline or infractions of rules will be dismissed. A list of infractions is given which "may be considered examples of justifiable reasons for removal." The manual then states: "An employee may be dismissed at the discretion of the Executive Director and will be given, at the time or [sic] dismissal, orally or in writing, the reason(s) for the action."

The plaintiff filed a two-count motion for judgment. The first count alleged that SEVAMP had breached her contract of employment; the second count alleged that SEVAMP's action was malicious, wrongful, and tortious, done in retaliation for her appearance as a witness at the fellow-employee's grievance hearing. The court sustained SEVAMP's demurrer to both counts.[1]

---

[1] The motion for judgment also joined SEVAMP's executive director as a defendant. The trial court separately considered that defendant's demurrer and sustained it. The plaintiff assigns no error to that ruling.

## II. EMPLOYMENT AT WILL

■ Virginia adheres to the common-law rule that when the intended duration of a contract for the rendition of services cannot be determined by fair inference from the terms of the contract, then either party is ordinarily at liberty to terminate the contract at will, upon giving the other party reasonable notice. *Bowman* v. *State Bank of Keysville*, 229 Va. 534, 535, 331 S.E.2d 797, 798 (1985); *Stonega Coal and Coke Co.* v. *Louisville and Nashville R.R. Co.*, 106 Va. 223, 226, 55 S.E. 551, 552 (1906).

■ An employee is ordinarily at liberty to leave his employment for any reason or for no reason, upon giving reasonable notice, without incurring liability to his employer. Notions of fundamental fairness underlie the concept of mutuality which extends a corresponding freedom to the employer. *See Town of Vinton* v. *City of Roanoke*, 195 Va. 881, 80 S.E.2d 608 (1954).

> 'The general rule of law is . . . that, where the consideration for the promise of one party is the promise of the other party, there must be absolute mutuality of engagement, so that each party has the right to hold the other to a positive agreement. Both parties must be bound or neither is bound.'

*Id.* at 896, 80 S.E.2d at 617 (quoting *American Agricultural Co.* v. *Kennedy*, 103 Va. 171, 176, 48 S.E. 868, 870 (1904)).

■ A different result is reached when a contract for services contemplates performance during a fixed period of time. If an employee enters the employment of another for a definite period (one year or less) and continues in that employment after the expiration of the agreed period, without any new agreement, a rebuttable presumption arises that the contract has been renewed for a like term. *Buchanan & Son* v. *Ewell*, 148 Va. 762, 772, 139 S.E. 483, 486 (1927); *Conrad* v. *Ellison-Harvey Co.*, 120 Va. 458, 466, 91 S.E. 763, 766 (1917).

■ In Virginia, where no specific time is fixed for the duration of the employment, there is a rebuttable presumption that the hiring is terminable at will. *Norfolk Southern Ry. Co.* v. *Harris*, 190 Va. 966, 976, 59 S.E.2d 110, 114 (1950); *Hoffman Company* v. *Pelouze*, 158 Va. 586, 594, 164 S.E. 397, 399 (1932); *Title Ins. Co.* v. *Howell*, 158 Va. 713, 717-18, 164 S.E. 387, 389 (1932). Where the evidence concerning the terms of a contract of employment is in conflict, the question whether the employment is at will

or for a definite term becomes one of fact for resolution by a jury. *Buchanan & Son*, 148 Va. at 771, 139 S.E. at 485; *Conrad*, 129 Va. at 465, 91 S.E. at 765.

As we pointed out in *Bowman*, 229 Va. at 539, 331 S.E.2d at 801, the employment-at-will doctrine is not absolute. In *Norfolk Southern Ry. Co. v. Harris*, we treated an employer's promise that the employee would not be "dismissed from the service without a just cause" as an additional consideration for the employee's services which took the contract out of the category of an employment at will. 190 Va. at 969, 59 S.E.2d at 111. We treated the agreement as tantamount to one for a fixed term of duration.[2] In *Sea-Land Service Inc. v. O'Neal*, 224 Va. 343, 297 S.E.2d 647 (1982) (promise of promotion to better job if employee resigned present job), and *Twohy v. Harris*, 194 Va. 69, 72 S.E.2d 329 (1952) (promise of bonus measured by value of stock if employee remained on the job), we also found employment contracts to be supported by additional consideration sufficient to take the contracts out of the category of an employment at will.

Nevertheless, a pleading seeking to recover damages for the termination of a contract of employment, the terms of which give rise to no fair inference of a specific period for its intended duration, and which is not supported by any substantial additional consideration taking it out of the category of an employment at will, is demurrable. *Plaskitt v. Black Diamond Trailer Co.*, 209 Va. 460, 164 S.E.2d 645 (1968).

In the present case, the plaintiff contends that the oral statement made to her by the individual who hired her in 1975 is sufficient to frame a jury issue as to whether she was hired for a definite term (the then-current fiscal year, renewed for a like term each year she continued in service as new federal funds were received). Considering her motion for judgment as amplified by her bill of particulars, we do not think a fact-finder could fairly draw such an inference. The employer's statement did not guarantee

---

[2] A recent commentary analyzing *Norfolk Southern Ry. Co. v. Harris* points out that in that case the employer's promise was contained in a collective-bargaining agreement enforceable in state courts under federal law. That agreement did have a fixed term of duration. In exchange for the employer's guarantees, members of the union, which was a party to the agreement, promised not to strike for higher wages or other benefits during the life of the agreement. *See* G. Marshall and M. Wicker, The Status of the At-Will Employment Doctrine in Virginia after *Bowman v. State Bank of Keysville*, 20 U. of Rich. L. Rev. 267 (1986).

continuation of employment subject only to a condition within the employee's exclusive control, like the "no dismissal without just cause" promise in *Norfolk Southern Ry. Co.* v. *Harris*. Rather, the employer's reference to the availability of "adequate federal funding" can only be construed as a hedge against a contingency beyond the control of both employer and employee — the possible future failure of "adequate" federal funds to arrive. Rather than vesting the plaintiff with a fixed term of employment upon which she could rely, the employer's statement bespoke indefiniteness. It made the employment subject to an uncertain future contingency.

■ Further, SEVAMP's written "Personnel and Administrative Procedures" manual, delivered to the plaintiff at the time of her employment, expressly stated: "An employee may be dismissed at the *discretion* of the Executive Director . . . ." (Emphasis added). A clearer expression of intent to create at-will employment can hardly be imagined. Because the contract of employment sued upon contains no provisions from which a fixed period of intended duration can fairly be inferred, and because it was unsupported by such additional consideration as to take it out of the category of employment at will, the trial court correctly sustained the employer's demurrer to Count I of the motion for judgment.

## III. RETALIATORY DISCHARGE

In *Bowman*, 229 Va. 534, 331 S.E.2d 797, we held an employer liable in tort for the discharge of two employees who were also stockholders of the employer corporation. The employer had discharged them in retaliation for their refusal to vote their stock in accordance with the demands of the management. We noted that the coercion exercised by the employer violated the public policy underlying Virginia's securities and corporation laws. Specifically, the employer's coercion violated the policy underlying Code § 13.1-32, granting each stockholder the unfettered right to cast one vote for each share of corporate stock held. We held the discharge to be tortious, not because the employees had a vested right to continued employment, but because the employer had misused its freedom to terminate the services of at-will employees in order to subvert a right guaranteed to stockholders by statute. 229 Va. at 540, 331 S.E.2d at 801.

■ *Bowman* applied a "narrow exception to the employment-at-will rule," *id.*, but it fell far short of recognizing a gener-

alized cause of action for the tort of "retaliatory discharge." Declining to follow sweeping adoption of such a cause of action in other jurisdictions, *Bowman* recognized an exception to the employment-at-will doctrine limited to discharges which violate *public* policy, that is, the policy underlying existing laws designed to protect the property rights, personal freedoms, health, safety, or welfare of the people in general. Each of the illustrative cases from other jurisdictions cited in *Bowman* involved violations of public policies of that character. 229 Va. at 539-40, 331 S.E.2d at 801. The exception we recognized was not so broad as to make actionable those discharges of at-will employees which violate only private rights or interests.

Recognizing that the common law fails to provide a generalized cause of action for "retaliatory discharge," the General Assembly has enacted statutes which permit such actions in precisely defined circumstances. *See* Code §§ 51.01-41 and 51.01-46 (employment discrimination against persons with disabilities); Code §§ 40.1-51.2:1 and 40.1-51.2:2 (retaliatory discharge of employee who files safety or health complaint); Code § 65.1-40.1 (retaliatory discharge of employee who makes workers' compensation claim).

The employment-at-will doctrine is a settled part of the law of Virginia. Parties negotiating contracts for the rendition of services are entitled to rely on its continued stability. Serious policy considerations, affecting countless business relationships, are involved in any change that may be contemplated. We therefore think it wise to leave to the deliberative processes of the General Assembly any substantial alteration of the doctrine.

In the present case, the plaintiff argues that the employer's act in discharging her was done in retaliation for her exercise of the right given to all employees by SEVAMP's "Personnel and Administrative Procedures" manual to file grievances and to testify freely before grievance review panels. But such a retaliatory act would impinge only upon private rights established by the employer's internal regulations. It would have no impact upon any public policy established by existing laws for the protection of the public generally. We conclude that the trial court correctly sustained the employer's demurrer to Count II of the motion for judgment.

Finding no error in the judgment of the trial court, we will affirm it.

*Affirmed.*