## CIRCUIT COURT OF THE CITY OF SALEM

Michelle Cone

     v.

Lewis-Gale Hospital, Inc.

January 28, 1988

Case No. CL86000074

By JUDGE KENNETH E. TRABUE

I have reviewed the pleadings, admissions, the excellent memorandums of law submitted by both sides, each of the cases cited and a comprehensive Law Review article, "The Status of the At-Will Employment Doctrine in Virginia after *Bowman v. State Bank of Keysville*" which appears in 20 U. Rich. L. Rev. 267. In my judgment, *Miller v. Sevamp*, 234 Va. 462, 4 V.L.R. 1309 (1987), virtually covers all issues raised in the instant case. Defendant's motion for summary judgment is granted, and an order should be prepared by counsel for the defendant dismissing the case and preserving all objections raised by the plaintiff in the memorandum of authorities filed.

*Sevamp* held:

An employee is ordinarily at liberty to leave his employment for any reason or for no reason, upon giving reasonable notice, without incurring liability to ·his employer. Notions of fundamental fairness underlie the concept of mutuality which extends a corresponding freedom to the employer. See *Town of Vinton v. City of Roanoke*, 195 Va. 881 . . . (1954).

*Sevamp* further held:

> Nevertheless, a pleading seeking to recover damages for the termination of a contract of employment, the terms of which give rise to no fair inference of a specific period for its intended duration, and which is not supported by any substantial additional consideration taking it out of the category of an employment at will, is demurrable.

The amended motion for judgment is a claim by the plaintiff for breach of contract based on the defendant's alleged failure to follow the termination procedure in the Lewis-Gale Hospital Employee Handbook. The plaintiff was hired by the hospital as a laboratory/X-ray technician about December 7, 1984, and was terminated toward the end of February or the 1st of March, 1986. There is no claim of any oral promise by either party as to a definite duration of the contract. The sole basis for the claim is founded upon provisions relating to termination in the handbook. The plaintiff has admitted that she did not know of the handbook at the time of employment and did not receive a copy until approximately a month thereafter. The plaintiff has conceded that her employment was by mutual consent and could be terminated by either the plaintiff or the defendant at will. Indeed, the handbook clearly states:

> Termination. Because employment at the Hospital is based upon mutual consent, either the employee or the employer is privileged to terminate employment. It is important for the employee's record that termination be conducted properly. It is also important for the Hospital to have adequate advance notice of the employee's desire to terminate.

The handbook defines six types of termination: resignation, quitting, layoff, dismissal, immediate dismissal, termination during probationary period. On February 21, 1986, the assistant administrator for the hospital gave

the plaintiff an option of resigning and looking for work elsewhere including the hospital's main facility or being terminated. The plaintiff did not resign, and the hospital terminated her employment.

The handbook provides that termination may be initiated either by the employee or the hospital at any time during the probationary period without explanation or obligation by the employee or the hospital.

Plaintiff now attempts to take the position that because the handbook allows "termination by the supervisor or department head *for cause*" that the manual evidences Lewis-Gale's intent not to embrace the common law concept of terminable-at-will. There is no suggestion that the plaintiff was terminated by a supervisor or a department head for cause. Indeed, it seems obvious that a hospital must act through its authorized officers, directors, agents or employees in the discharge of any employee. Immediate termination by the supervisor or department head for cause merely provides for summary on-the-spot firing which requires no procedural formalities and can be accomplished by a hospital employee in a lesser position of authority than the administrator, assistant administrator or the head of the department of personnel. There is no public policy reason for this court to make a contract for the parties which they did not make among themselves. Likewise, it is clear that there was no consideration which would constitute the handbook as a part of an enforceable contract between the parties. In summary, there is nothing stated in the employee handbook which would override or contradict the expressed employment-at-will status created when the plaintiff was first employed in December of 1984.