## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Braunfeld

v.

Forest Home Systems

March 16, 1988

By JUDGE WILLIAM H. LEDBETTER, JR.

This case was tried with a jury on February 26, 1988, and the jury returned a verdict for the plaintiff in the amount of $3,731.41. The defendant's motion to set aside the verdict was overruled, and judgment was entered on the verdict.

Subsequently, on March 2, 1988, the defendant filed a motion to set aside the judgment for the reasons set forth in its seven-page motion. Counsel agreed to submit this matter to the court by memoranda. Counsel for the plaintiff filed his response to the motion on March 15, 1988.

The basis of this controversy is the termination of Braunfeld's employment by the defendant's president, Karl Kovacs (now deceased) on August 18, 1986.

As a consequence of that termination, Braunfeld instituted this action. His motion for judgment contains two counts. First, the plaintiff sought damages for breach of employment contract. Second, he claimed damages for wrongful infliction of emotional distress.

The defendant filed a responsive pleading generally denying the allegations, and issue was joined.

As noted above, the case was tried with a jury on February 26, 1988. At the conclusion of the plaintiff's evidence, the defendant moved to strike the evidence and to enter judgment in favor of the defendant on the ground

that the plaintiff had offered no evidence upon which an award of damages could be supported under either of the counts in the motion for judgment.

First, the court ruled that the plaintiff's evidence as to the circumstances and method of termination, taken as true, could not support a claim for negligent or intentional infliction of emotional distress under Virginia law. There was no evidence of spite, ill-will, malice or outrageous conduct, and there was no evidence of an audience to the firing which took place in the privacy of the plaintiff's office. Therefore, the court granted the motion as to Count II of the motion for judgment.

Second, the court held that the plaintiff's evidence failed to establish an employment contract, express or implied, for a specific term, and that, pursuant to the principles enunciated in *Miller v. SEVAMP, Inc.*, 234 Va. 462 (1987), the plaintiff's employment was terminable at will as a matter of law. Therefore, the court granted the defendant's motion as to so much of Count I that sought damages flowing from a breach of employment contract.

The court went on to point out that under *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), reaffirmed in *Miller, supra*, an employment-at-will relationship may be terminated by either party *"upon giving the other party reasonable notice."* Because the plaintiff's evidence clearly raised a factual question with respect to the reasonableness of the notice of termination, the court ruled that that aspect of the case would not be stricken. The court added, however, that an instruction would be framed to inform the jury that any award of damages arising out of the defendant's alleged failure to give reasonable notice of termination would be limited to reasonable damages suffered by the plaintiff's failure to receive reasonable notice. (See Jury Instruction # 5.) Neither party took exception to the court's interpretation of *Bowman* and *Miller* or to those rulings based on that interpretation.

Finally, the court ruled that the plaintiff's claims of unreimbursed expenses and earned but unpaid commissions would not be stricken.

Whereupon, the defendant presented its evidence and rested.

The court gave five instructions to the jury, including # 5 prepared by counsel at the court's request in order

to frame the issues consistent with the court's rulings on the defendant's motion to strike.

After closing arguments, the jury returned a verdict in favor of the plaintiff and fixed his damages at $3,731.41.

## Ruling on the Motion Before the Court

First, the defendant argues that the judgment should be set aside because the court submitted to the jury two elements of damages which were beyond the scope of the plaintiff's pleadings.

Braunfeld testified that at the time of his termination he was owed $182.00 for unreimbursed out-of-pocket expenses, and the sum of $900.00 for commissions earned but unpaid.

These are legitimate elements of damages subsumed under the general claim for compensatory damages in Count I of the motion for judgment. In fact, it appears that the defendant understood the plaintiff's suit to include those items since, in paragraph 8 of its grounds of defense, the defendant specifically alleged that the plaintiff had received "certain expense and commission payments" subsequent to his termination. At trial, the defense called a witness, a current employee of the defendant, in an unsuccessful effort to refute Braunfeld's previous testimony about the commissions.

Accordingly, the court is of the opinion that these items of damages were before the court for determination and that the court did not err in submitting them to the jury.

Next, the defendant contends that Braunfeld's claim for unreimbursed expenses "is totally unsubstantiated by any acceptable evidence."

Braunfeld testified specifically and unequivocally that he was out of pocket the sum of $182.00 for reimbursable expenses associated with his employment, and that he had not received payment of such expenses before or since his termination. He offered no detailed explanation of the expenses and produced no documentary evidence, such as cancelled checks or receipts, to substantiate his testimony. He was subjected to considerable cross-examination with respect to that claim.

Because of Braunfeld's failure to verify his claim by documentation, the jury easily could have rejected it, and counsel for the defendant forcefully advocated that result in his closing argument. Whether the jury accepted or rejected this item of damage, of course, is unknown, since the jury returned a general verdict.

In any event, there is no rule of evidence that requires that clear, unequivocal and credible testimony of a party must be corroborated, verified or substantiated by documentation or other "acceptable evidence." Accordingly, the court is of the opinion that it did not err in submitting the issue of unreimbursed expenses to the jury based on the plaintiff's testimony.

Further, the defendant argues that the issue of "reasonableness" of the termination notice should not have been submitted to the jury without evidence "as to what is generally considered timely notice and without the jury being instructed."

If the defendant means that there must be evidence at trial as to what period of time constitutes "reasonable notice of termination" in the particular trade or industry, the court rejects the argument. It is improper to permit a witness to invade the province of the jury by giving an opinion or conclusion on matters about which the jury is perfectly capable of forming its own opinions. *See* Friend, *The Law of Evidence in Virginia*, § 203 et seq. (2nd Edition, 1983). In all sorts of contexts, juries are allowed to determine "reasonableness" without the guidance of lay or expert witnesses. Under the circumstances of this case, the jury was as well qualified as any witness to draw inferences from the evidence and to use their common sense and collective human experience in concluding from the facts whether the notice was reasonable. Once they determined that the notice was not reasonable, the jurors were qualified, for the same reasons, to determine what a reasonable notice would have been under the circumstances of the case, and to calculate the extent of any damages suffered as a direct result of the defendant's failure to give such reasonable notice. Obviously, that is exactly what this jury did, and it did so in a proper, responsible manner.

As for the defendant's complaint that no instruction was given to explain or define "reasonable," the short

answer is that none was tendered. Furthermore, neither at trial nor in its post-trial motion has the defendant suggested an appropriate instruction, nor has the defendant shown how the lack of such an instruction was prejudicial to the defendant.

Finally, the defendant contends that the court should have told the jury "what evidence had been stricken."

When this matter was raised at trial, the court explained that it would be better to tell the jury what the issues *were* rather than what they *were not*. Prior to instructing the jury, the court informed the jury that some of the plaintiff's claims had been stricken, upon proper motion, and that the court would apprise the jury at the appropriate time of the issues which it must decide. The court gave Instruction # 5 which was designed to do that.

Accordingly, the court finds this objection to be without merit.

For the reasons explained above, the defendant's motion to set aside the judgment entered herein on February 26, 1988, is overruled and denied.