# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Michael Prescott

v.

Karl Fernandez et al.

September 9, 1988

Case No. (Law) 12427

By JUDGE DONALD H. KENT

This matter came before the Court upon the defendant's Demurrers and Pleas in Bar.

In Count I of the Motion for Judgment, plaintiff alleges a breach of contract. Defendants demur to this count claiming that the employment agreement entered into between the parties is terminable-at-will, and therefore it will not support a claim for breach of contract. The designation of employment as terminable-at-will is based on a determination that the period of employment is not for a fixed duration. After reviewing Exhibits "A" and "B" attached to the Motion for Judgment which purport to set forth the terms of employment, it is the opinion of the court that these contracts fail to set forth a fixed time period for the rendition of services. Thus, the contract for employment between the parties was terminable-at-will and is not sufficient to support a cause of action for breach of contract. *See, Miller v. Sevamp, Inc.,* 234 Va. 462, 362 S.E.2d 915 (1987). Accordingly, the Demurrer to Count I shall be sustained.

In Count II plaintiff seeks to recover for the alleged wrongful termination of employment based on the employer's failure "to follow their procedures concerning continued employment relations." *See,* Motion for Judgment, Count

II, paragraph 6. Although the Supreme Court of Virginia has recognized several very limited exceptions to the employment-at-will rule, *Miller v. Sevamp, Inc.*, 234 Va. at 468, 362 S.E.2d at 918-19, there has been no exception to the rule that would allow this cause of action to stand. Accordingly, the Demurrer to Count II must be sustained.

Unlike the breach of contract actions in Counts I and II, Count III is based on a tort theory of recovery. In this Count of the Motion for Judgment, plaintiff alleges that defendants breached their duties of "good faith and fair dealing" by terminating the plaintiff's "employment without just cause so that they could avoid paying any commissions to plaintiff." *See*, Motion for Judgment, Count III, paragraphs 4 and 5. The Court finds that there is no legal authority to support the plaintiff's assertion that there is a duty of good faith and fair dealing which is owed to an at-will employee. Only in a few precisely defined situations has the Virginia General Assembly created a cause of action for an employee whose employment has been wrongfully terminated on grounds that contravene public policy. *See*, *Sevamp*, 234 Va. at 468, 362 S.E.2d at 918-19. The factual allegations pled in this case do not come within this statutory framework. Accordingly, the Demurrer to Count III shall be sustained.

Count IV states a cause of action for fraud based on defendants' promises of benefits which plaintiff never received. As stated in the case of *Lloyd v. Smith*, 150 Va. 132, 145, 142 S.E. 362, 365 (1928), "an action based upon fraud must aver the misrepresentation of present [or] pre-existing facts and cannot ordinarily be predicated on unfulfilled promises or statements as to future events." The facts set forth in this count do not deal with alleged misrepresentations based on past or existing facts. For this reason, the Demurrer to Count IV shall be sustained.

Based on the foregoing decisions, there is no need to rule upon the Pleas in Bar filed by the defendants.

Defendants' counsel should prepare an appropriate order reflecting the Court's decision to sustain the Demurrers to all four counts.