## CIRCUIT COURT OF FAIRFAX COUNTY

Mary Lynn Elliston

v.

Stohlman Automotive
Group, Inc., et al.

### Case No. (Law) 84914

August 1, 1989

By JUDGE RICHARD J. JAMBORSKY

This matter is before the Court on the demurrer to a three count Amended Motion for Judgment.

### Count I: *Breach of Contract*

The demurrer is overruled. Looking at the pleading in the light most favorable to plaintiff and drawing all reasonable inferences in favor of the pleading, one could conclude that this was a contract supported by a written memorandum (Company Handbook, p. 15, Termination of Employment, and p. 16, Work Rules and Conduct).

### Count II: *Retaliation Discharge*

The demurrer is overruled. It is true that this cause of action is not recognized in protection of private rights. But the allegation in Count II sufficiently affects the public interest so as to bring this action within *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), and *Miller v. SEVAMP, Inc.*, 234 Va. 462, 467 (1987).

Count III: *Intentional Infliction of Emotional Distress*

The demurrer is overruled. If the defendants' conduct was as alleged, it is sufficiently outrageous to bring it within the scope of *Womack v. Eldridge*, 215 Va. 338 (1974).

November 26, 1990

By JUDGE THOMAS A. FORTKORT

This case is before the Court on defendant's motion to dismiss Count III of plaintiff's amended motion for judgment. For the following reasons, defendant's motion is sustained.

As a matter of law, the Virginia Workers' Compensation Act is the exclusive remedy for a plaintiff alleging intentional infliction of emotional distress arising out of and in the course of employment. *Haddon v. Metropolitan Life Insurance Co.*, 239 Va. 397 (1990). Jurisdiction of this Court over the claims in Count III of plaintiff's amended motion for judgment cannot be obtained by consent of the parties, waiver or estoppel. The defendant has raised a defense of this Court's lack of jurisdiction to determine these claims. Jurisdictional issues can be raised at any time, even if the plaintiff is barred by the statute of limitation in seeking a remedy under the Virginia Workers' Compensation Act.

Jurisdiction to determine claims in Count III of plaintiff's amended motion for judgment is vested solely in the Industrial Commission of Virginia and not in this Court.