## CIRCUIT COURT OF ARLINGTON COUNTY

Ellen B. Bussey

v.

Arlington Community
Residences, Inc.

November 2, 1990

Case No. (Law) 89-1069

**By JUDGE THOMAS R. MONROE**

This mater came on to be heard on October 18, 1990, upon defendant's Motion for Summary Judgment.

*Factual Background*

Plaintiff alleges in her Motion for Judgment that she was wrongfully discharged by the defendant corporation. The defendant corporation provides services to Arlington County by placing mentally retarded citizens in group homes in the community. Arlington County receives federal and state funds for services for the mentally retarded and is therefore under an obligation to provide such services in accordance with state and federal regulations.

Plaintiff contends that her discharge was in response to her refusal to make what was in her mind improper placements of retarded citizens in the community. Plaintiff further alleges that "these placements were contrary to the federal and state regulations regarding placements of retarded individuals." (Plaintiff's Memorandum at p. 2).

## *Issue*

Whether or not defendant's discharge of plaintiff was such an abuse of defendant's freedom to terminate plaintiff under the employment-at-will doctrine as to violate an established public policy?

## *Discussion*

Virginia follows the employment-at-will doctrine, which stands for the premise that a contract for employment may be severed at any time, with reasonable notice, by either party, and for any reason. However, the Virginia Supreme Court acknowledged a narrow exception to the employment-at-will principle with *Bowman v. State Bank of Keysville,* 229 Va. 534, 331 S.E.2d 797 (1985). In *Bowman,* the plaintiffs were discharged by defendant in retaliation for their refusal to vote shares of stock in accordance with the demands of the defendant's management. The retaliatory discharges in *Bowman* violated Virginia's securities and corporation laws, designed to protect a shareholder's right to vote free from duress and intimidation. *Id.* at 540. With *Bowman,* the Virginia Supreme Court recognized an exception to the long-established employment-at-will doctrine, that exception is triggered when employees are discharged in violation of an established public policy. *Id.* at 539.

However, in *Bowman,* when the Court spoke of "established public policy," it was referring to public policy established by law, a point the court made clear in a subsequent case, *Miller v. SEVAMP, Inc.,* 234 Va. 462, 467, 362 S.E.2d 915 (1987). The plaintiff in *Miller* alleged that she was discharged from her employment in retaliation for her appearance as a witness at a colleague's grievance hearing. *Id.* at 464. However, unlike the plaintiffs in *Bowman,* in *Miller* the plaintiff failed to prove that an established public policy was violated with her discharge. *Id.* at 468. In reference to the holding in *Bowman,* the *Miller* court stated that the discharge in *Bowman* was tortious, "not because the employees had a vested right to continued employment, but because the employer had misused its freedom to terminate the services of at-will employees in order to subvert a right guaranteed to stockholders

by statute." *Id*. at 467. In *Bowman* the employees were stockholders and there existed a statute that protected them in their stockholder capacity from being coerced or intimidated with any retaliatory action, and in that case, the intimidation was termination of employment; in *Miller* there was no such statute protecting plaintiff.

As set forth by *Bowman* and *Miller*, the narrow exception to the employment-at-will doctrine applies strictly in cases where public not private rights of the employee are violated. Furthermore, the United States District Court for the Eastern District of Virginia resounded the holding in *Bowman* with its statement that the narrow public policy exception carved out of the employment-at-will doctrine by the Virginia Supreme Court is "triggered only when the discharge is in response to the employee's refusal to commit an unlawful act or in the employee's exercise of a statutory right." *Haigh v. Matsushita Electric Corp.*, 676 F. Supp. 1332, 1351 (E.D. Va. 1987). The employee asserting a wrongful discharge as against public policy must be a member of the class to be protected by a public right established by a law.

Unfortunately, here, plaintiff has failed to state and explain which specific federal and state regulations were violated with the defendant's termination of the employment relationship with plaintiff. (Plaintiff's Memorandum, p. 2.) Defendant states that based on discovery to date, plaintiff only identifies the Health Care Financing Administration regulations, specifically, 42 C.F.R. sect. 483, 450(b), as a regulation on which she bases the violation of public rights as opposed to private rights. (Defendant's Memorandum, p. 5.) In this Court's reading of that regulation coupled with the facts as presented to this Court, no public rights were violated. In a reading of plaintiff's Motion for Judgment, this Court fails to find that there was any established public policy violated or any state or federal statutory violation. In addition, the Motion for Judgment lacks any allegation that plaintiff falls within that narrowly excepted class as defined by *Bowman*. In this Court's interpretation of *Bowman* and *Miller*, plaintiff's case must rest on an established public policy, or a statute that protects plaintiff from a retaliatory action for plaintiff to succeed with her Motion for Judgment. Because there is no law that protects plaintiff

in her position, there are no material issues of fact, and therefore, summary judgment is granted for defendant.