Robert C. WEAVER, Plaintiff,

v.

COCA–COLA BOTTLING
CO. Consolidated, et
al., Defendants.

Civ. A. No. 91–0272–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

June 3, 1992.

Gary Michael Bowman, Martin, Hopkins, Lemon & Edwards, P.C., Roanoke, Va., for Robert C. Weaver, plaintiff.

John Dickens Eure, Johnson, Ayers & Matthews, Roanoke, Va., James M. Powell, Haynsworth, Baldwin, Johnson & Graves, P.A., Greensboro, N.C., Gregory P. McGuire, Haynsworth, Baldwin, Johnson & Greaves, P.A., Greensboro, N.C., for Coca–Cola Bottling, defendant.

Michael B. Hubbard, Anita Barondes, Susan C. Benner, Seyfarth, Shaw, Fairweather & Geraldson, Washington, D.C., for Lappe, M.D., Murray, defendant.

James Wilson Jennings, Mark D. Loftis, Woods, Rogers & Hazlegrove, Roanoke, Va., for Smithkline Beecham.

## MEMORANDUM OPINION

TURK, Chief Judge.

Defendant Coca–Cola Bottling Company of Roanoke, Inc., ("Coca–Cola"), has moved the Court to grant it judgment as a matter of law on plaintiff's claims of wrongful or retaliatory discharge. Mr. Weaver has also raised certain claims of negligence in his Amended Complaint, but these are not presently before the Court. Coca–Cola ar-

gues that Mr. Weaver was an at-will employee who was not fired in violation of any recognized public policy. Mr. Weaver contends that his drug test result was falsely positive and that termination of employees based upon negligently administered drug tests violates the public policy of Virginia. The Court finds no support in Virginia law for the proposition that at-will employees may not be terminated based upon the results of negligently administered drug tests. Accordingly, Coca–Cola's motion for summary judgment must be GRANTED.

■ The parties agree on the relevant facts in this case. Mr. Weaver worked for Coca–Cola as a cold drink marketing representative. He was an at-will employee and he was subject to Coca–Cola's "Substance Abuse Prevention Program," which required all employees to be tested for illegal drug use at least once every year. Under this program, employees who tested "positive" for illicit drug use were to be fired immediately. Mr. Weaver was tested on December 18, 1990, at Community Hospital of the Roanoke Valley. Before submitting his urine sample, Mr. Weaver signed a Consent Form and listed all prescription and non-prescription drugs that he had taken in the thirty (30) days prior to the test. Defendant SmithKline Beecham ("Smith-Kline") screened the urine sample with two different tests on December 20, 1990, and both were "positive" for cocaine and amphetamines. Mr. Weaver alleges that he has never used illegal drugs and, therefore, the sample must have been improperly attributed to him.

Mr. Weaver was suspended, pending further investigation, on December 21, 1990. At his suspension hearing, he offered to submit a new urine sample for another test, but Coca–Cola's policy forbids testing new samples when the initial sample results are "positive." Steve Hewitt, Coca–Cola's Manager of Human Resources, arranged for Mr. Weaver to telephone Dr. Murray Lappe, Coca–Cola's medical review officer. The two men reviewed the prescription and over-the-counter medications that Mr. Weaver had taken in the thirty days before the test. Dr. Lappe also asked SmithKline to retest the urine sample. This retest confirmed the original results. Mr. Hewitt reviewed the retest results, and he and the plaintiff's supervisor fired Mr. Weaver on January 2, 1991, for testing "positive" on the drug screen.

■ These facts, when taken in the light most favorable to Mr. Weaver, the non-moving party, do not support a recognized cause of action under Virginia law for wrongful discharge. Mr. Weaver signed an acknowledgment that he understood "that the employment relationship between myself and the Company may be terminated by either party, at any time, and for any reason." Weaver Dep. p. 16; Exh. 2. He was inarguably an at-will employee, and, in Virginia, at-will employment is terminable by either party at any time. *Miller v. SEVAMP*, 234 Va. 462, 362 S.E.2d 915 (1987). The General Assembly of Virginia has created statutory exceptions which provide a cause of action for a discharged at-will employee, none of which are at issue in this case, and the Supreme Court of Virginia has recognized a narrow "public policy" exception to the doctrine of employment at will. *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797, 801 (1985). The public policy exception provides a cause of action for an at-will employee who is discharged for a reason which violates the policy underlying a specific state statute designed to protect the public interest. *Id.*

■ Mr. Weaver argues that this Court should deny Coca–Cola's motion on the grounds that it is a violation of Virginia's public policy to fire employees on the basis of negligently administered drug tests. Assuming, for purposes of this motion, that it is against public policy to administer drug tests in a negligent manner, and assuming further that Mr. Weaver's test was so administered, Mr. Weaver cannot identify any specific Virginia statute supported by this policy. When no statute is implicated, the discharge of an at-will employee is lawful, and the employee's wrongful discharge suit must be dismissed. *See, e.g., Woodring v. Bd. of Grand Trustees*, 633 F.Supp. 583, 594–95 (W.D. Va.

**12**

1986); *Miller v. SEVAMP, supra,* 362 S.E.2d at 918. Accordingly, Coca–Cola's motion for summary judgement, on the wrongful termination counts in Plaintiff's Amended Complaint, will be GRANTED.