## CIRCUIT COURT OF THE CITY OF ROANOKE

Wallace I. Allen

v.

Benjamin P. Jenkins, III, and
First Union National Bank of Virginia

April 4, 1996

Case No. CL94000650

BY JUDGE CLIFFORD R. WECKSTEIN

Wallace I. Allen alleges that on August 2, 1993, he was First Union National Bank of Virginia's "highest ranking African-American employee," when he was terminated because of his age and race, contrary to the public policy of Virginia. First Union, which denies that it wrongfully discharged Allen, has filed an amended demurrer, a pleading which denies that the motion for judgment states facts upon which relief can be granted.

In an order entered on May 30, 1995, incorporating a memorandum opinion dated May 3, 1995, this Court ruled on the bank's assertion that the provisions of the National Bank Act of 1864 bar Allen's state law claim. To preserve its rights to appellate review, the bank reiterated that assertion in its amended demurrer. My ruling on that point is unchanged; the defendant's objections continue to be noted. I turn now to the defendant's remaining arguments, that the suit should be dismissed (a) because "the injuries alleged in Counts I and II are not actionable under the Virginia Human Rights Act or any public policy of Virginia"; and (b) because the facts, as pleaded, are insufficient to create a prima facie case of race or age discrimination.

In Virginia, the relationship between employer and employee is presumed to be terminable at will. Thus, either party may terminate the employment relationship for any reason, or for no reason. *Graham v. Central Fidelity Bank*, 245 Va. 395, 398, 428 S.E.2d 916 (1993). Allen, acknowl-

edging this principle, nonetheless asserts that he has stated a claim for which relief is available. This is so, he reasons, because in *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985), the Virginia Supreme Court articulated a "narrow exception" to the employment at will doctrine, "limited 'to discharges which violate *public* policy, that is, the policy underlying existing laws designed to protect the property rights, personal freedoms, health, safety, or welfare of the people in general'." *Lockhart v. Commonwealth Education Systems*, 247 Va. 98, 439 S.E.2d 328 (1994), quoting *Miller v. SEVAMP, Inc.*, 234 Va. 462, 467-68, 362 S.E.2d at 918 (1987) (emphasis in original). In *Lockhart*, as Allen notes, the Supreme Court held that this "public policy exception" precludes employers from engaging in discrimination based on race or gender.

First Union advances three alternative arguments. It says that *Lockhart* was wrongly decided; that the *Lockhart* "exception" for race or gender discrimination does not apply to claims of age discrimination; and that 1995 amendments to the Virginia Human Rights Act change the rule of law announced in *Lockhart* and mandate dismissal of the suit regardless of the merits of its other arguments.

First Union also, of course, asserts that the allegations in the motion for judgment fail to state a claim of race or age discrimination. The Court "will consider the allegations pursuant to the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Nasser v. Parker*, 249 Va. 172, 174, 455 S.E. 2d 502 (1995), quoting *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). Applying these settled rules, I find that the plaintiff's motion for judgment sets forth facts sufficient to support claims of race and age discrimination.

The answer to the argument that *Lockhart* was wrongly decided is a simple one. "In Virginia, the doctrine of stare decisis is more than a mere cliche. That doctrine plays a significant role in the orderly administration of justice by assuring consistent, predictable, and balanced application of legal principles. And when a court of last resort has established a precedent, after full deliberation upon the issue by the court, the precedent will not be treated lightly or ignored, in the absence of flagrant error or mistake." *Selected Risks Insurance Co. v. Dean*, 233 Va. 260, 265, 355 S.E.2d 579 (1987). A circuit judge is bound to follow the rulings of the Commonwealth's court of last resort.

The Supreme Court recently has spoken to the question of whether Virginia recognizes a cause of action for age discrimination.

[Consider] the Supreme Court's memorandum order in *Clark v. Manheim Services Corp.* (Record No. 951495, March 15, 1995). In that case, the plaintiff "filed a motion for judgment alleging that his employer terminated his employment because of his age in violation of the public policy of this Commonwealth, as articulated in the Virginia Human Rights Act, Code §§ 2.1-714 through 2.1-725." *Id.* Citing *Lockhart*, the Supreme Court found that the plaintiff had "stated a cause of action in tort against the [employer] for improper discharge from employment." *Id.* The Supreme Court therefore reversed the trial court's decision sustaining a demurrer and remanded the case for further proceedings.

In conformity with the views expressed by the Supreme Court in *Clark v. Manheim Services*, I find that, at the time the motion for judgment was filed, Virginia recognized a cause of action for age discrimination.

As noted, the bank argues that, notwithstanding *Lockhart*, 1995 amendments to the Virginia Human Rights Act (cited in both *Lockhart* and *Clark* as declarative of Virginia's public policy) make clear the General Assembly's intent that:

> Causes of action based upon the public policies reflected in [the Act] shall be exclusively limited to those actions, procedures and remedies, if any, afforded by applicable federal or state civil rights statutes or local ordinances . . . .

Va. Code § 2.1-725(D) (Repl. Vol. 1995). This Court, the bank argues, must give effect to the legislature's expressed intent by dismissing a suit which — the defendant asserts — could not be maintained under the Act as amended.

This suit was filed on May 18, 1994. The defendant's memorandum in support of its amended demurrer states that the 1995 amendments to the Virginia Human Rights Act were passed by the Senate on February 7, 1995, and signed into law by the Governor on May 5, 1995. The amendments became effective on July 1, 1995.

Virginia Code § 1-16, which controls, provides in pertinent part that:

> No new law shall be construed to repeal a former law, as to . . . any right accrued, or claim arising under the former law, or in

any way whatever to affect . . . any right accrued or claim arising before the new law takes effect . . . .

Though the defendant asserts that *Lockhart* was wrongly decided, *Lockhart* indisputably was the law of Virginia on July 1, 1995. The Court in *Lockhart* unequivocally held that Virginia law recognized a right to bring and maintain a suit for discharges motivated by race. The *Lockhart* decision is declarative of right; it does not, as the defendant asserts, speak only to remedy. Thus, whatever effect the 1995 amendments to the Human Rights Act might have on suits filed on or after July 1, 1995 (a question that the Court need not address in this case), those amendments do not abolish a cause of action that existed, as the Court found in *Lockhart*, at the time the suit was filed. *See City of Norfolk v. Kohler*, 234 Va. 341, 362 S.E.2d 894 (1987); *Shiflet v. Eller*, 228 Va. 115, 319 S.E.2d 750 (1984). In *Clark v. Manheim Services Corp., supra*, the Supreme Court, of course, found that those claiming age discrimination have the same right to maintain suits as those who assert discrimination based upon race or gender.

In *Clark*, the Circuit Court's final order was entered on May 19, 1995. The Supreme Court's attention was called to the 1995 amendments to the Human Rights Act. Had the Court so chosen, it could have dismissed Clark's petition for appeal based on the intervening legislative action. From the fact that the Court instead remanded the case to trial court, a trial judge should infer that, in the *Clark* case, the Supreme Court concluded, based on the authorities cited above, that Code § 1-16 requires consideration of claims such as Allen's under the law as it existed prior to July 1, 1995.

It may be assumed (whether or not with validity) that the Supreme Court decided *Clark* by order, rather than by formal opinion, *because* of the 1995 amendments to the Human Rights Act. Reasonable lawyers may, with propriety, differ about the binding precedential value of unpublished orders of the Virginia Supreme Court. In my view, however, when the Supreme Court speaks to a question currently pending in a court of inferior jurisdiction, then, whether the Supreme Court's opinion be expressed by memorandum, by order, or by published opinion, the trial court must follow the law as the Supreme Court has articulated the law.

For the foregoing reasons, the Court overrules the defendant's amended demurrer.