**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRUCE E. LUDWICK,
Plaintiff-Appellant,

v.

No. 96-2205

PREMIER BANK NORTH,
INCORPORATED; PREMIER BANKSHARES
CORPORATION,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James C. Turk, District Judge.
(CA-95-189-A)

Submitted: June 30, 1997

Decided: September 9, 1997

Before HALL, MURNAGHAN, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edward G. Stout, BRESSLER, CURCIO & STOUT, Bristol, Vir-
ginia, for Appellant. William R. Rakes, Paul G. Klockenbrink, GEN-
TRY, LOCKE, RAKES & MOORE, Roanoke, Virginia, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bruce Ludwick, the former president of a small bank in southwest Virginia, appeals the district court's order of summary judgment in his civil suit alleging wrongful termination and fraud. Specifically, Ludwick claims that the Appellees, his former employers, Premier Bank North, Inc. (Premier North), and Premier's holding company, Premier Bankshares Corp. (Bankshares), terminated his employment as the president of Premier North in violation of public policy and committed fraud when they recruited him by misleading him about the bank's financial condition. Finding no reversible error, we affirm the district court's order.

Ludwick's wrongful termination claim is without merit. First, Ludwick was not terminated against his will. Ludwick chose to resign his position as the president of Premier North after being informed that Bankshares would merge Premier North with another small bank, and Ludwick was not selected as the new bank's president. Bankshares requested that Ludwick remain president of Premier North until completion of the merger and then accept a position in the new bank as a senior vice-president; however, Ludwick chose to resign. Although Ludwick asserts that his resignation was conditioned upon Bankshares' acceptance of his proposed severance package, the claim is without merit. The parties did not have to agree on conditions for Ludwick's employment to cease. Ludwick did not have an employment contract; thus, he was inarguably an at-will employee, and, in Virginia, at-will employment is terminable by either party at any time.[1]

However, Ludwick asserts that the district court erred because his

_____

[1] **See Lockhart v. Commonwealth Educ. Sys.**, 247 Va. 98, 102, 439 S.E.2d 328, 330 (1994); Miller v. SEVAMP, Inc. , 234 Va. 462, 362 S.E.2d 915 (1987).

2

termination violated a purported public policy of Virginia to prevent banking irregularities. The public policy exception to at-will employment provides a cause of action for an at-will employee who is discharged for a reason which violates the policy underlying a specific state statute designed to protect the public interest.[2] Ludwick's assertion fails because he cannot identify a specific Virginia statute supported by this policy, nor can he specify what precise statute the Appellees purportedly contravened.[3] When no statute is implicated, the discharge of an at-will employee is lawful, and the employee's wrongful discharge suit must be dismissed.

Finally, Ludwick fails to present a prima facie case of fraud. While Ludwick claims that the Appellees fraudulently induced him into accepting the position of president at Premier North, Ludwick cannot establish that they concealed a material fact upon which he relied. None of the alleged misstatements involved a promise by the Appellees to employ Ludwick for a set period of time, or that Premier North would not merge with another bank.[4] In fact, Ludwick concedes in his deposition that he received an honest response when he inquired into the possibility of an employment contract. Thus, Ludwick's conclusory allegations of misrepresentation are insufficient as a matter of law.[5]

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

[2] **Lockhart**, 247 Va. at 102, 439 S.E. 2d at 330.

[3] **See Lawrence Chrysler Plymouth Corp. v. Brooks**, 251 Va. 94, 98-99, 465 S.E.2d 806, 809 (1996).

[4] **See Sea-Land Serv. v. O'Neal**, 224 Va. 343, 353-54, 297 S.E.2d 647, 652-53 (1982).
[5] **See Evaluation Research Corp. v. Alequin**, 247 Va. 143, 439 S.E.2d 387 (1994).