# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Rodriguez

v.

Newport News Shipbuilding
and Drydock Co.

February 5, 1998

Case No. (Law) 24072

BY JUDGE ROBERT P. FRANK

This matter is before the Court on Defendant's Demurrer to Count I of Plaintiff's Amended Motion for Judgment. The Court overrules Defendant's Demurrer.

Count I of the Amended Motion for Judgment alleges that Plaintiff was discharged as a result of a hip disability and sets forth a common law wrongful discharge action based upon public policy as set forth in the Virginians with Disabilities Act ("VDA"). Va. Code § 51.5-1 *et seq.*

Defendant's demurrer is based on the 1995 amendments to the Virginia Human Rights Act ("VHRA"), Va. Code §§ 2.1-714 *et seq.* Defendant argues that the 1995 amendments abrogate a common law wrongful discharge action against discrimination based on the public policy set forth in the VHRA. The VHRA establishes public policy against discrimination on the basis of "race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, age, marital status, or *disability.*" Va. Code § 2.1-715(1) (emphasis added).

A common law wrongful discharge claim was first recognized by the Virginia Supreme Court in *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985). Then, in 1994, using *Bowman* as precedent, the Supreme Court recognized a wrongful discharge claim based on the public policy set forth in the VHRA. *Lockhart v. Commonwealth Education Systems*, 247 Va. 98 (1994).

In *Bowman*, the Supreme Court recognized that Virginia has a long-standing presumption of at-will employment. *Bowman* at 539. The Court held, however, that the at-will presumption is not absolute, and a violation of public policy is an exception to the presumption. *Id.* at 540. The public policy exemption to at-will employment "is 'limited to discharges which violate *public policy*, that is, the policy underlying existing laws designed to protect the property rights, personal freedoms, health, safety, or welfare of the people in general'." *Lockhart* at 104 (quoting *Miller v. SEVAMP*, 234 Va. 462, 467-68 (1987) (emphasis in original)). Finally, the Supreme Court held in *Bowman* and *Lockhart* that a plaintiff must identify "a statutory embodiment of the public policy of the Commonwealth." *Bailey v. Scott-Gallagher*, 253 Va. 121 (1997).

The 1995 amendments to the VHRA clearly limit the availability of actions under the VHRA. Va. Code § 2.1-725(A)-(D). First, the amendments establish a narrow statutory cause of action against employers with more than five but less than fifteen employees and set forth the procedures and remedies for such an action. Va. Code § 2.1-725(B)-(C). The amendments also abrogate common-law wrongful discharge actions based on the public policy against discrimination set forth in the VHRA. Va. Code § 2.1-725(D). Specifically, paragraph D states: "Causes of action based upon the public policies reflected in *this chapter* shall be exclusively limited to those actions, procedures and remedies, if any, afforded by applicable federal or state civil rights statutes or local ordinances." *Id.* (emphasis added).

In *Doss v. Jamco, Inc.*, 254 Va. 362 (1997), the Virginia Supreme Court held that Va. Code § 2.1-725(D) eliminates a common law wrongful discharge action based upon the public policies reflected in the VHRA. *Doss v. Jamco, Inc.*, 254 Va. 362, 372 (1997). However, the Supreme Court stated that it expressed no opinion on whether the common law wrongful discharge claim for discrimination continued to exist in cases where the public policy was articulated in a source other than the VHRA. *Id.* at 366.

This Court is of the opinion that if a violation of public policy under the VHRA also violates the public policy set forth in another Virginia statute, a *Bowman*-type claim still exists. The 1995 amendments to the VHRA only apply to the VHRA. Paragraph D limits causes of action based on the public policies "reflected in this chapter." Va. Code § 2.1-725(D). Further, a *Bowman*-type common law claim lies when there is a statutory embodiment of the public policy. As long as there is a statutory embodiment of the public policy independent of the VHRA, the common law wrongful dis-

charge claim is available since *Bowman* and its progeny survive. Thus, this Court holds that the Plaintiff may pursue a common law wrongful discharge claim based on a violation of the public policy set forth in the VDA.