# CIRCUIT COURT OF THE CITY OF RICHMOND

Eric Coley

 v.

Historic Hotels, Inc.,
d/b/a The Jefferson Hotel

February 17, 2000

Case No. LF-1933-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court on defendant's demurrer and plaintiff's motion for summary judgment. The court sustains the demurrer and overrules the motion for summary judgment.

In his motion for judgment, plaintiff alleges that his former employer, the defendant, terminated him in violation of public policy. According to the pleadings, plaintiff became employed with defendant in 1992 and was injured in May 1999. Because the injury was work related, plaintiff received workers' compensation benefits. In June 1999, defendant required plaintiff to sign a wage deduction authorization. The authorization is attached to plaintiff's motion for judgment as Exhibit A. Although not otherwise clear from the pleadings, plaintiff must have left employment and later returned because the exhibit mentions that plaintiff allowed defendant to withhold $25.00 per pay [period] as part of "the terms and conditions of my reinstatement to work at the Jefferson Hotel." Later, when he sought to revoke the wage deduction authorization, defendant terminated him. Plaintiff alleges that his termination was wrongful in that it is violative of Va. Code § 40.1-29, which provides in its pertinent part:

D. No employer shall require any employee, except executive personnel, to sign any contract or agreement which provides for the forfeiture of the employee's wages for time worked as a condition of employment or the continuance therein, except as otherwise provided by law.

E. An employer who willfully and with intent to defraud violates this section shall be guilty of a misdemeanor.

Defendant has demurred on the bases that plaintiff has failed to allege that § 40.1-29 establishes a public policy of Virginia sufficient for a claim a wrongful termination, that he has failed to allege facts to show his termination violated any state statute that confers a statutory right to sue, and that the facts alleged fail to demonstrate a causal connection between a violation of the statute and plaintiff's termination.

The parties have opposing views of the law developed from the leading case on common law action for wrongful termination, *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), and cases following *Bowman*: *Miller v. SEVAMP, Inc.*, 234 Va. 462 (1987); *Lockhart v. Commonwealth Educ. Sys. Corp.*, 247 Va. 98 (1994); *Lawrence Chrysler Plymouth Corp. v. Brooks*, 251 Va. 94 (1996); *City of Virginia Beach v. Harris*, 259 Va. 220 (2000); *Mitchem v. Counts*, 259 Va. 179 (2000). Under the *Bowman* exception to the employment at will doctrine, a plaintiff has essentially three broad tasks: (1) he must show a violation of laws containing an explicit public policy, (2) if there is no explicit public policy he must show a violation of law that is designed to protect property rights, personal freedoms, health, safety, or welfare of people generally, and (3) he must show his membership in a class of individuals that the public policy is specifically designed to benefit.

On the one hand, plaintiff argues that he was forced to sign the agreement and that the agreement constitutes a forfeiture of wages. As noted, although it is not clear from the pleadings, apparently plaintiff left employment at some point and was reemployed later. According to the exhibit, plaintiff received severance pay and on returning as a "term[s] and condition for reinstatement" signed the withholding authorization, allowing a deduction from pay covering monies previously obtained as severance. This suggests that plaintiff agreed to repay money and the defendant was seeking to have him abide by that agreement. These facts do not establish that the employer required plaintiff to give up wages as a condition of continued employment. Rather, they suggest the parties agreed to the withholding arrangement as a part of plaintiff beginning employment anew.

Next, as to plaintiff's motion for summary judgment, the court rules that plaintiff's summary judgment motion is not timely. Rule 3:18 permits a party to make a motion for summary judgment "at any time after the parties are at issue." The parties are not at issue here because only plaintiff's motion for judgment and a demurrer to it are before the court. Accordingly, plaintiff's

motion for summary judgment is denied. For the reasons mentioned the demurrer is sustained.

Plaintiff shall have leave to amend the motion for judgment by filing any amended pleading within ten days. Defendant shall have seven days from receipt of any amended motion for judgment to file any response thereto.