**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1521**

WILLIAM RICHARD HULKENBERG, SR.; RONALD JONES; LARRY
BOWEN, R. N.; WILLIAM RICHARD HULKENBERG, JR.; JEREMY
HULKENBERG; ANDREW HALL,

               Plaintiffs - Appellants,

      v.

ANABAPTIST HEALTHSHARE; KINGDOM HEALTHSHARE MINISTRIES
LLC, a/k/a Kingdom Healthshare International, f/k/a Anabaptist Healthshare;
UNITY HEALTHSHARE LLC; ONESHARE HEALTH, LLC; ALEX CARDONA;
TYLER W. HOCHSTETLER, Esq.,

               Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at
Charlottesville. Glen E. Conrad, Senior District Judge. (3:19-cv-00031-GEC)

Submitted: March 16, 2021                    Decided: April 2, 2021

Before FLOYD, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas J. Connick, CONNICK LAW, LLC, Cleveland, Ohio, for Appellants. Kyle G.A.
Wallace, SHIVER HAMILTON LLC, Atlanta, Georgia; Alan F. Pryor, ALSTON & BIRD
LLP, Atlanta, Georgia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Six plaintiffs sued their former employer for wrongful discharge under Virginia law.* In two orders, the district court dismissed their initial complaint and their amended complaint. Finding no reversible error, we affirm.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, "a plaintiff must provide sufficient detail to show that he has a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (alterations and internal quotation marks omitted), *vacated on other grounds*, 140 S. Ct. 2736 (2020).

Because this case was brought under the district court's diversity jurisdiction, we must apply Virginia law as it was determined, or as we predict it would be determined, by

---

* The plaintiffs are William Richard Hulkenberg, Sr.; Ronald Jones; Larry Bowen; William Richard Hulkenberg, Jr.; Jeremy Hulkenberg; and Andrew Hall. They named several parties as defendants: Anabaptist Healthshare; Kingdom Health Share Ministries LLC; Unity Healthshare LLC; OneShare Health, LLC; Alex Cardona; and Tyler W. Hochstetler. For ease of reference, we will simply refer to the parties as Appellants and Appellees.

the highest court of Virginia. *Liberty Univ., Inc. v. Citizens Ins. Co. of Am.*, 792 F.3d 520, 528 (4th Cir. 2015). "Virginia strongly adheres to the employment-at-will doctrine," whereby employment is presumed to last for an indefinite period and may be terminated at will by either employer or employee. *VanBuren v. Grubb*, 733 S.E.2d 919, 921 (Va. 2012) (internal quotation marks omitted). In *Bowman v. State Bank of Keysville*, 331 S.E.2d 797, 801 (Va. 1985), the Supreme Court of Virginia recognized "a narrow exception to the employment-at-will rule." Under this exception, employers are prohibited from "discharges which violate public policy, that is, the policy underlying existing laws designed to protect the property rights, personal freedoms, health, safety, or welfare of the people in general." *Miller v. SEVAMP, Inc.*, 362 S.E.2d 915, 918 (Va. 1987) (emphasis omitted). Virginia courts have recognized only three categories in which an employee may demonstrate that his termination violates public policy under *Bowman*: (1) where an employer violates "a policy enabling the exercise of an employee's statutorily created right," (2) "when the public policy violated by the employer was explicitly expressed in the statute and the employee was clearly a member of that class of persons directly entitled to the protection enunciated by the public policy," and (3) "where the discharge was based on the employee's refusal to engage in a criminal act." *Rowan v. Tractor Supply Co.*, 559 S.E.2d 709, 711 (Va. 2002).

Appellants sought refuge under each *Bowman* exception, but we conclude that the district court correctly dismissed their claims. Under the first exception, Appellants contend that they were terminated for exercising their fiduciary duties. However, the Supreme Court of Virginia has not recognized such a claim under the first *Bowman*

4

exception and we predict that it would not do so. A Virginia state trial court has rejected such a claim. *Glaser v. Titan Corp.*, No. 159607, 1997 WL 1070646, at *5 (Va. Cir. Ct. July 16, 1997). The District of Columbia Court of Appeals predicted that the Supreme Court of Virginia would not extend *Bowman* to allow a corporate director to bring a claim based on interference with his "fiduciary duty to exercise his vote in the best interest of the company." *Atkins v. Indus. Telecomms. Ass'n, Inc.*, 660 A.2d 885, 888-89 (D.C. 1995). The Supreme Court of Virginia has rejected an employee's attempt to rely on common law duties to repair a car in support of a *Bowman* claim. *Lawrence Chrysler Plymouth Corp. v. Brooks*, 465 S.E.2d 806, 809 (Va. 1996). Moreover, applying Maryland law, which utilizes a similar standard as Virginia, we rejected an attempt by an employee to bring a wrongful termination claim based on the interference with his exercise of fiduciary duties. *See Milton v. IIT Rsch. Inst.*, 138 F.3d 519, 522-23 (4th Cir. 1998). Allowing a former employee to bring a *Bowman* claim based on interference with the employee's fiduciary duties would greatly expand what the Supreme Court of Virginia has cautioned is a narrow exception to the employment at-will rule.

Under the second *Bowman* exception, Appellants argue that they were attempting to further the policy enacted in two statutes regulating health care sharing ministries ("HCSMs") in Virginia. *See* Va. Code Ann. §§ 38.2-6300 & 38.2-6301. However, the statutes do not refer to employees. Thus, assuming they announce a public policy of requiring HCSMs to abide by certain regulatory requirements, the class of people protected are individuals purchasing such policies in Virginia. Appellants have not plausibly alleged that they were such individuals.

Finally, Appellants assert that Appellees committed several criminal violations in their business practices. In both of its orders, the district court concluded, as one of several reasons supporting dismissal, that Appellants' claim failed because they were not residents of Virginia and did not plausibly allege that they were subject to criminal prosecution in Virginia. In their brief, Appellants do not argue that the district court erred in so holding. The "[f]ailure of a party in its opening brief to challenge an alternate ground for a district court's ruling waives that challenge." *Brown v. Nucor Corp.*, 785 F.3d 895, 918 (4th Cir. 2015) (alteration and internal quotation marks omitted).

Therefore, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*