53 F.3d 329
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Margaret SHEPHERD, Plaintiff-Appellant,
v.
J.C. PENNEY COMPANY, INCORPORATED, Defendant-Appellee.
 No. 94-2456.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 4, 1995.
Decided: May 5, 1995.
 
 Beverly D. Crawford, EL-AMIN & CRAWFORD, P.C., Richmond, VA, for Appellant. Paul D. Georgiadis, THOMPSON, SMITHERS, NEWMAN & WADE, Richmond, VA; Jerome K. Lipsich, J.C. PENNEY COMPANY, INC., Plano, TX, for Appellee.
 Before RUSSELL and WILLIAMS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Margaret Shepherd appeals the district court's grant of summary judgment to J.C. Penney Company, Inc. (Penney) in this employment contract action. Shepherd, a telephone customer service representative, was terminated following a dispute concerning her handling of a consumer call. Shepherd claimed that Penney's employee manual created an employment contract under which she could only be discharged for cause. The district court found that the provisions of the employee manual did not rebut Virginia's presumption that employer-employee relationships are at-will.[1] We affirm the decision below.
 
 
 2
 This court reviews a grant of summary judgment de novo. Lockhart v. United Mine Workers of Am.1974 Pension Trust, 5 F.3d 74, 77 (4th Cir.1993); Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir.1990). A grant of summary judgment by the district court is only appropriate where there is no material factual dispute and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " Nguyen v. CNA Corp., 44 F.3d 234, 237 (4th Cir.1995), quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 3
 This court recently considered the law with respect to the nature of the employer-employee relationship and found that Virginia "strenuously adhere[s] to the presumption of at-will employment." Nguyen, 44 F.3d at 237.[2] Either party may terminate an employment relation ship for any reason upon reasonable notice. Id., citing Graham v. Central Fidelity Bank, 428 S.E.2d 916, 917 (Va.1993). If enough evidence is produced to determine that the employment is to be for a definite term, the presumption for at-will employment may be rebutted. Absolute mutuality of engagement, however, must be shown. Id. (citations omitted). Finally, the issue is one of law and for the court to decide, and thus may be resolved on summary judgment, where "there is no fair inference of a specific intended duration or the prerequisite consideration necessary to establish a for-cause employment relationship." Id., citing Miller v. SEVAMP, Inc., 362 S.E.2d 915, 917-18 (Va.1987).
 
 
 4
 Nguyen attempted to show that a for-cause employment relationship was created by the employment manual. The court noted that a disclaimer provision which provided that the employer could not promise permanent employment and that decisions concerning continued employment were solely at management's prerogative was a clear indication of an intent to create an at-will employment relationship. Nguyen, 44 F.3d at 239. Nguyen also relied on other sections of the manual which identified circumstances under which an employee could be discharged with and without cause. Id. at 240. This court determined, however, that, under Virginia law, even where a portion of an employment manual specifies that an employee can be discharged only for cause, the clear disclaimer "trumps" the contrary statements. Id. at 239. This court affirmed the district court's grant of summary judgment to the employer.
 
 
 5
 In this case, Shepherd, too, points to conflicting provisions of the employee handbook. One section of the employee manual defines discretionary and summary dismissals. A discretionary dismissal occurs after continued infractions and substandard behavior and after notice of the problem has been given to an employee; summary dismissals occur after serious infractions of behavior or company rules. These sections conclude with a statement that employees are permitted to terminate their employment at any time and that employers retain the same privilege. In addition, the manual had a disclaimer clause which specifically describes the employment relationship as at-will.
 
 
 6
 Shepherd asserts that these conflicting provisions reflect an ambiguous statement of the intent of the parties which constitute a material factual dispute. The holding in Nguyen, however, is dispositive. The disclaimer clause "trumps" other provisions; the employer-employee relationship is at will. Penney was free to terminate Shepherd at its discretion. Shepherd, like Nguyen, has failed to provide a viable legal theory to withstand summary judgment. Accordingly, we affirm the district court's decision.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Originally filed in state court in Chesterfield, Virginia, the case was removed to the federal district court for the Eastern District of Virginia
 
 
 [2]
 In this case, the district court properly applied Virginia law. A district court must apply the choice of law rules of the state in which it sits
 Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Virginia law provides that the law of the state where the contract was made determines the dispute. Rossman v. State Farm Mut. Auto. Ins. Co., 832 F.2d 282, 287 (4th Cir.1987); Woodson v. Celina Mut. Ins. Co., 177 S.E.2d 610, 613 (Va.1970). The contract at issue was made in Virginia.