## CIRCUIT COURT OF THE CITY OF RICHMOND

Gregory Scott Parsley

v.

Jones & Frank Corp. et al.

September 6, 1996

Case No. ML-4126

BY JUDGE JAMES B. WILKINSON

The plaintiff filed this lawsuit against his former employers and other involved parties for wrongful discharge, defamation, tortious interference with employment and economic opportunities, and common law conspiracy. The facts according to the Amended Motion for Judgment are as follows.

The plaintiff, Greg Parsley, was employed by defendant Jones & Frank Corporation beginning in December, 1992. Jones & Frank (and defendant Goode-Omega) provides environmental services to service stations. Many of these services are governmentally regulated and require that compliance reports be filed with state and federal agencies.

Parsley was employed by Jones & Frank in 1992 to install and test vapor recovery and other fueling systems in service stations. He alleges that during the course of his employment, Jones & Frank asked him to perform certain functions which he was not certified by the state to perform. Parsley refused, and in November, 1994, was terminated for failure to wear a hard hat on the job. Parsley later reported Jones & Frank's non-compliance to the state and federal regulatory agencies, who in turn launched an investigation against Jones & Frank.

Also in November, 1994, Parsley began working for a competitor of Jones & Frank, Goode Omega, Inc. The plaintiff was hired to perform similar services that he had performed for Jones & Frank. When applying for the position with Goode Omega, the plaintiff alleges that he revealed his prior criminal conviction to the manager, Steve Chatterton.

Parsley alleges that David Owen, branch manager at Frank & Jones, learned that Parsley was participating as a witness in the government's investigation against his company and attempted to gain damaging information to discredit Parsley. David Owen's wife, Ellen Owen, is an attorney for Lawyer's Title Insurance Company. In April of 1995, Ellen Owen allegedly obtained Parsley's criminal record, conveyed the information to David Owen, who in turn allegedly faxed the information to Roy Sutton, Goode Omega's President, coupled with details that certain drills were missing from Jones & Frank.

On April 10, 1995, Parsley was terminated from employment with Goode Omega. Parsley's fiancee worked at Jones & Frank and was allegedly told by David Owen that Parsley "had [Owen] to thank" for his termination from Goode. The defendants Goode Omega, Omega Environmental, and Roy Sutton filed a demurrer, and the court took the matter under advisement.

The issue is whether the plaintiff has stated a cause of action for wrongful discharge, defamation, tortious interference with employment and economic opportunities, and conspiracy.

Virginia still adheres to the employment-at-will doctrine, which gives employers and employees the opportunity to terminate at will an open-ended contract for services, so long as reasonable notice of the intention to terminate is given. *Stonega Coal & Coke Co. v. Louisville & Nashville R.R. Co.*, 106 Va. 223 (1906); *accord, Bowman v. State Bank of Keysville*, 229 Va. 534 (1985); *Miller v. SEVAMP, Inc.*, 234 Va. 462 (1987); *Lawrence v. Chrysler Plymouth Corp. v. Brooks*, 251 Va. 94 (1996).

However, certain exceptions to the doctrine have been recognized to exist if public policy has been violated. *Bowman*, 229 Va. 534 (1985); *Lockhart v. Commonwealth Education Systems*, 247 Va. 98 (1994). This court, pursuant to its recent decision in *Wilson v. Continental Cablevision*, 39 Va. Cir. 506 (1996), is of the opinion that common law tort actions for wrongful termination were abrogated by the Virginia Human Rights Act, Va. Code Ann. §§ 2.1-715 to 2.1-725. For violations of public policy, the plaintiff must proceed under existing federal or state civil rights statutes or local ordinances. § 2.1-725. Therefore, to the extent that the plaintiff relies on a common law action for wrongful discharge under *Bowman*, the defendants' demurrer is sustained.

The demurrer will otherwise be overruled, however, because the plaintiff cited several existing state statutes in his Amended Motion for Judgment that the defendants allegedly violated. He points to infractions of

Virginia Code Ann. §§ 40.1-1, 10.1-1182, 10.1-1400, 19.211-01, 18.2-460, 40.1-27, and 18.2-499, as well as federal statutory violations of 42 U.S.C. § 9610, 42 U.S.C. § 300j-9(i), 15 U.S.C. § 2622, 33 U.S.C. § 1367, 42 U.S.C. § 6971, 42 U.S.C. § 5851, 18 U.S.C. § 1512-13, and 18 U.S.C. § 1503.

Accordingly, the plaintiff pleaded sufficiently a violation of these statutes to survive demurrer. The plaintiff has a cause of action for wrongful discharge because he was able to identify Virginia statutes establishing a public policy which the defendants violated. *Lawrence Chrysler Plymouth Corp. v. Brooks*, 251 Va. 94 (1996). The defendants' demurrer, then, as to the wrongful discharge claim is overruled.

The court further finds that the other counts in the Amended Motion for Judgment properly state a claim. Count II sufficiently alleges that the plaintiff was defamed by published statements by and between the defendants. The remaining causes of action are properly pleaded and survive the demurrer.

The court concludes that the plaintiff sufficiently stated his claims and therefore overrules the defendants' demurrer.