## CIRCUIT COURT OF ROCKINGHAM COUNTY

David Broad

v.

Wanda Wilt et al.

February 21, 1997

BY JUDGE JOHN J. MCGRATH, JR.

This matter comes before the Court on a Demurrer filed by the defendants to the Amended Motion for Judgment which was filed by the plaintiff on December 16, 1996.

The difference between the Amended Motion for Judgment and Original Motion for Judgment is that the plaintiff now asserts that he was terminated as a police officer by the Town of Broadway or more appropriately by the members of the Town Council because he allegedly wrote traffic tickets against "prominent citizens." The plaintiff in the opposition to the demurrer asserts that he can avoid the At Will Employment Doctrine by asserting a statutorily based public policy that protects his employment under the holdings of *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), and its progeny. The plaintiff's assertion is based on the fact that § 18.2-460(A) of the Code of Virginia makes it a criminal offense to knowingly obstruct a law enforcement officer in the performance of his or her duties. The plaintiff's claim as is set forth in the Amended Motion for Judgment and accepted as true for the purposes of this demurrer is that he was dismissed from his position as policeman for the Town of Broadway because he had issued tickets to "prominent citizens."

This Court is of the view that § 18.2-460 of the Code of Virginia does not create a public policy "right" in the context of employment litigation involving a law enforcement officer. This Section of the Code is a criminal statute meant to protect the general public at large and to prevent any hindrance of law enforcement authorities or judicial officers carrying out their functions against someone engaged in criminal conduct. This criminal prohibition cannot be

worked into the employment relationship simply because the claimant involved is a law enforcement officer and asserts that his or her employer has taken certain personnel actions which the employee contends have obstructed the employee's enforcement of the law. If the plaintiff's theory were accepted, virtually every personnel decision or disciplinary actions taken by the employers of law enforcement personnel could be the basis of a wrongful discharge suit.

The Court does not find the reasoning in *Parsley v. Jones and Frank Corp.*, 40 Va. Cir. 286 (1996), persuasive.