William P. FIELDER, Plaintiff,

v.

SOUTHCO, INC. OF SOUTH CAR-
OLINA, d/b/a Southco Inc.,
d/b/a Tons O'Toys, Defendant.

Civ. A. No. 87–0162–L.

United States District Court,
W.D. Virginia,
Roanoke Division.

Nov. 18, 1988.

Norman Kinnier, Fralin, Freeman & Kin-
nier, Lynchburg, Va., for plaintiff.

Gregory P. Cochran, Caskie & Frost,
Lynchburg, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

This case is before the Court on the defendant's motion to dismiss or, in the alternative, for summary judgment. The complaint contains four separate counts: (1) breach of an employment contract; (2) retaliatory discharge; (3) intentional infliction of emotional distress; and (4) negligence. The plaintiff has voluntarily dismissed counts three and four. The defendant's motion as to counts one and two has been argued to the Court and is ripe for a decision.

### BREACH OF EMPLOYMENT CONTRACT

Plaintiff relies on a document entitled "Welcome to Southco Toys for Everyone" as his employment contract with the defendant. The booklet clearly established that plaintiff would be a probationary employee with the defendant for three (3) months. It was within this period that plaintiff was terminated. There is nothing in the handbook which would indicate the intended duration of plaintiff's employment. Plaintiff admits that he was never told he would be employed for a specific period of time. Indeed, it was plaintiff's stated understanding that he had the right to leave the defendant's employment at any time.

Because the employee handbook contains no provisions from which one can establish a fixed term of intended duration and because there is no additional consideration to support a contractual relationship outside the general employment-at-will situation, plaintiff's employment was terminable at will. *See Miller v. SEVAMP, Inc.*, 234 Va. 462, 362 S.E.2d 915 (1987). Therefore, summary judgment should be granted in favor of the defendant as to Count One of the complaint.

### RETALIATORY DISCHARGE

For his second count, plaintiff alleges that he was discharged in retaliation for having reported instances of alleged sexual harassment of female employees by plain-

**578**

tiff's supervisor. Plaintiff claims that the "public policy" exception to the employment-at-will doctrine applies in this case. The Virginia Supreme Court in *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985), recognized this exception where the discharge violates public policy. The Supreme Court in *Bowman* applied this exception to cases where the policy relates to laws designed to protect the rights and freedoms of the people in general. In the case at bar, the public policy advanced by the plaintiff was the protection of female employees from sexual harassment by their supervisors. This is clearly a policy which is designed to protect the right of all employees to be free from a sexually hostile work environment. Indeed, Congress has codified this public policy at 42 U.S.C. § 2000e-3, which provides in pertinent part that it is an unlawful employment practice to discriminate against any employee because that employee has "opposed any practice made an unlawful employment practice by this subchapter."

The Court finds that plaintiff has stated a cause of action for retaliatory discharge based on the public policy exception to the employment-at-will doctrine. There remains, however, a question of fact concerning the reason for plaintiff's termination. Consequently, summary judgment would not be appropriate as to Count Two of the complaint.

### CONCLUSION

Based upon the foregoing, Counts Three and Four of the complaint are to be dismissed voluntarily. Defendant's motion for summary judgment should be granted as to Count One and denied as to Count Two. An appropriate order consistent with this memorandum opinion shall be entered this day.