Donna M. OAKLEY, Plaintiff,

v.

**THE MAY DEPARTMENT STORES COMPANY, t/a Hecht's, and Robert Wade, Defendants.**

No. 2:98cv600.

United States District Court, E.D. Virginia, Norfolk Division.

Sept. 25, 1998.

William D. Breit, Billy Breit & Associates, PC, Crestar Bank Building, Chesapeake, VA, for Plaintiff.

Robert W. McFarland, McGuire, Woods, Battle & Boothe, Norfolk, Betty T. Tierney, May Department Stores Company, Office of Legal Counsel, St. Louis, MO, for Defendants.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendants' motion to dismiss Count III of plaintiff's four-count complaint for failure to state a cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendants' motion to dismiss is **GRANTED.**

### I.  Factual and Procedural History

On May 26, 1998, plaintiff, Donna M. Oakley, filed a four-count complaint against defendants, the May Department Store Company t/a Hecht's ("Hecht's") and Robert Wade. Count I alleges that Oakley was sexually harassed and wrongfully terminated from her position with Hecht's, in violation of Title VII of the Civil Rights Act of 1964, as amended. Count II is a claim for intentional infliction of emotional distress. Count III is a common law claim for wrongful discharge, alleging that plaintiff was fired in violation of Virginia's public policy as articulated in the Virginia Human Rights Act ("VHRA"), Va. Code Ann. §§ 2.1–714 to –715 (Michie Supp. 1998); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e–5 (West 1994); and Virginia Code § 18.2–57 (assault and battery). Count IV is a claim for assault and battery.

On July 6, 1998, defendants filed a motion to dismiss Count III for failure to state a claim upon which relief can be granted. The time for response having passed without the court receiving a brief in opposition from plaintiff, the motion is now ripe for determination.

### II.  Analysis

When deciding whether to grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the factual allegations in the plaintiff's complaint must be accepted as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A Rule 12(b)(6) motion should only be granted "if it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When ruling on a Rule 12(b)(6) motion, a court should only consider the allegations in the pleadings, disregarding affidavits or other materials. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). If "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b).

Defendants contend that all of the public policy bases alleged by plaintiff in Count III of the complaint are insufficient to state a common law cause of action for wrongful discharge under Virginia law. Because plaintiff has failed to allege facts in support of the public policy exception to Virginia's at-will employment doctrine, defendants argue that Count III of the complaint should be dismissed.

■ Virginia adheres to the common law doctrine of at-will employment. *Doss v. Jamco, Inc.,* 492 S.E.2d 441, 443 (Va.1997) (stating the rule· that either party is free to terminate the employment relationship at will on giving reasonable notice). In *Bowman v. State Bank of Keysville,* 229 Va. 534, 331 S.E.2d 797 (1985), the Virginia Supreme Court recognized one exception to this doctrine. The court in *Bowman* held that employees may recover damages from employers for discharges that are against Virginia's public policy. The *Bowman* public policy exception, however, is limited to "existing laws designed to protect the property rights, personal freedoms, health, safety, or welfare of the people in general." *Miller v. SEV-AMP, Inc.,* 234 Va. 462, 362 S.E.2d 915, 918 (1987). The exception does not apply to "private rights," but, instead, to policies established by laws that are designed to protect the public. *Id.* at 919.

In *Lockhart v. Commonwealth Educ. Sys. Corp.,* 247 Va. 98, 439 S.E.2d 328 (1994), the

Virginia Supreme Court held that the prohibitions against race and sex discrimination contained in the Virginia Human Rights Act were indicative of Virginia's strong public policy against such discrimination and could provide the basis for a common law wrongful discharge action. In direct response to *Lockhart,* the Virginia legislature amended the VHRA so that causes of action for wrongful discharge are prohibited based on the public policies reflected in the VHRA. Va.Code Ann. § 2.1–725(D) (Michie 1995); *see Doss,* 492 S.E.2d at 447 (answering in the affirmative the certified question whether " § 2.1–725(D) prohibit[s] a common law cause of action based upon the public policies reflected in the Virginia Human Rights Act"). As a result, this court has held that the VHRA no longer provides the public policy basis for a *Bowman* cause of action for wrongful discharge. *McCarthy v. Texas Instruments, Inc.,* 999 F.Supp. 823, 828 (E.D.Va.1998); *Leverton v. AlliedSignal, Inc.,* 991 F.Supp. 486, 490 n. 2 (E.D.Va.1998).

■ In this case, there is no allegation that plaintiff was anything other than an at-will employee. *See Leverton,* 991 F.Supp. at 488 n. 1 (stating that in the absence of allegations that employment contract was for definite time, plaintiff's employment is presumed to be terminable at-will). Plaintiff also explicitly grounds Count III on *Bowman* by stating that the "discharge was in violation of the public policy of Virginia." However, as *Doss* holds, the VHRA cannot provide the public policy basis of a *Bowman* claim. *Doss,* 492 S.E.2d at 447. Therefore, to the extent that Count III relies on violations of the policies expressed in the Virginia Human Rights Act, the count fails to state a cause of action for wrongful discharge.

■ Plaintiff also relies on the public policies embodied in Title VII of the federal Civil Rights Act of 1964, as amended. Although the Virginia Supreme Court has not directly addressed this issue,[1] this court has held that

---

1. In *Lockhart,* the Virginia Supreme Court stated that "Title VII is not applicable here because [the plaintiff] filed a common law tort action alleging wrongful discharge, which is governed solely by state, not federal law." *Lockhart,* 439 S.E.2d at

332 n. 1. This statement, though, was made in the context of whether Title VII administrative remedies applied in a wrongful discharge case, and not whether Title VII could provide the public policy basis for a *Bowman* claim. *But see*

Title VII cannot be used to support a *Bow-man* claim, because the *Bowman* exception to the at-will employment doctrine is predicated on public policies derived from *Virginia* statutes, not federal laws. *McCarthy,* 999 F.Supp. at 829; *see Doss,* 492 S.E.2d at 444 n. 3 (Carrico, C.J.) (stating that an employee must be able to identify a Virginia statute establishing the public policy violated by the employer); *Bailey v. Scott–Gallaher, Inc.,* 253 Va. 121, 480 S.E.2d 502, 506 (1997) (Compton, J., dissenting) (same); *Lawrence Chrysler Plymouth Corp. v. Brooks,* 251 Va. 94, 465 S.E.2d 806, 809 (1996) (same). This court has also dismissed *Bowman* wrongful discharge claims based on Title VII specifically *because* such a cause of action has not been recognized by either the Virginia General Assembly or the Virginia Supreme Court. *See e.g., Nicol v. Imagematrix, Inc.,* 767 F.Supp. 744, 748 n. 4 (E.D.Va.1991); *White v. Federal Express Corp.,* 729 F.Supp. 1536, 1550 (E.D.Va.1990).[2]

Thus, it appears to be a well-settled rule of law in this district that an employee cannot avoid Virginia's at-will employment doctrine by claiming that Title VII is representative of Virginia's public policy. Therefore, to the extent Count III relies on Title VII as the basis for the *Bowman* public policy exception, it fails to state a cause of action.

Plaintiff attempts to provide one final public policy basis for the wrongful discharge claim, Virginia Code § 18.2–57, which makes it a crime to commit a simple assault, or an assault and battery. As defendants aptly point out, plaintiff fails to demonstrate on the face of the pleading how the alleged violation of this statute is connected to her discharge, much less how the statute provides a public policy basis for an exception to the at-will employment doctrine. The statutory public

policies that fit the *Bowman* exception are those where the employee was discharged for either taking an employment action expressly permitted by Virginia law, *see, e.g.,* Va.Code Ann. § 18.2–465.1 (Michie 1996) (unlawful to discharge employee for absence attributable to jury duty); Va.Code Ann. § 65.2–308 (Michie 1995) (allowing civil suits when employer discharges employee for applying for worker's compensation), or where the employee is discharged for exercising statutorily created rights that are not explicitly protected, *see, e.g., Bowman,* 331 S.E.2d at 801 (finding public policy exception where discharges violated Va.Code Ann. § 13.1–662, which gave employee shareholders power to vote their stock as they desired). In addition, the right must be one designed to protect the public, and not a "private right." *Miller,* 362 S.E.2d at 919.

■ The assault and battery statute relied on by plaintiff does not provide a *Bowman* public policy exception for plaintiff to the at-will employment doctrine. First, section 18.2–57 provides criminal penalties for those committing assaults and/or batteries. Plaintiff's complaint is a civil action, alleging a common law tort of assault and battery. Moreover, Count IV indicates that plaintiff was assaulted by defendant Wade sometime in 1994, yet she was not terminated from her position until well into 1997. The connection between the two events is not alleged or in anyway apparent from the complaint. Section 18.2–57 simply does not support plaintiff's cause of action for wrongful discharge.

### III. Conclusion

For the reasons stated above, defendants' motion to dismiss Count III of the complaint under Rule 12(b)(6) of the Federal Rules of

*Peele v. Enterprise Leasing Co.,* 979 F.Supp. 1069, 1072 & n. 1 (E.D.Va.1997) (relying on language in *Lockhart* for the proposition that Title VII does not apply to common law wrongful discharge claims).

**2.** The court in *Fielder v. Southco, Inc.,* 699 F.Supp. 577 (W.D.Va.1988), appeared to allow a *Bowman* claim to go forward based on Title VII. However, the short opinion in *Fielder* only used Title VII as an illustration of the types of policies available under the *Bowman* public policy excep-

tion. Significantly, *Fielder* did not address the potential applicability of the Virginia Human Rights Act, which had only been enacted by the Virginia General Assembly in 1987, the year before *Fielder* was decided. In addition, *Fielder* was decided long before the Virginia Supreme Court clarified that the public policy underlying a *Bowman* claim must be based on a Virginia statute. *See Doss,* 492 S.E.2d at 444 n. 3; *Bailey,* 480 S.E.2d at 506 (Compton, J., dissenting); *Lawrence Chrysler,* 465 S.E.2d at 809.

Civil Procedure is hereby **GRANTED.** Count III of the Complaint is **DISMISSED.**

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to counsel for the parties.

It is so **ORDERED.**